Argued April 13, affirmed May 25, petition for rehearing denied
June 14, motion for order recalling mandate denied
September 7, 1960

# BARR *v.* LINNTON PLYWOOD ASSOCIATION

352 P. 2d 596
355 P. 2d 256

*Theodore S. Bloom,* Portland, argued the cause and filed briefs for the appellant.

*James W. Morrell,* Portland, argued the cause for respondent. With him on the brief were Tooze, Kerr & Tooze, Portland.

Before McALLISTER, Chief Justice, and SLOAN, O'CONNELL and DUNCAN, Justices.

PER CURIAM.

In this action plaintiff sought to recover from defendant a commission for the sale of logs. The complaint alleged an express agreement between the parties by which it was also alleged plaintiff was to sell the logs at certain specified prices for varying grades of logs and that plaintiff was to be paid a commission of $5 per thousand for making a sale. The complaint then alleged that plaintiff found a buyer ready and willing to pay the prices specified by defendant but defendant refused to make the sale arranged by plaintiff and that defendant thereby breached its agreement with plaintiff.

When plaintiff rested defendant moved for judgment of involuntary nonsuit. The motion was denied. After the court had denied the motion for a nonsuit the defendant declined to present any evidence and plaintiff then moved for a directed verdict. The trial court denied that motion also. The jury returned a verdict for plaintiff. Thereafter defendant filed, and the trial court sustained, a motion for judgment notwithstanding the verdict. The order allowing the judgment n.o.v. recited that the court should have sustained defendant's motion for an involuntary nonsuit.

ORS 18.140 (1) permits a judgment notwithstanding the verdict *inter alia* when a "motion for a directed verdict which should have been granted has been refused and a verdict is rendered against the applicant. . ." In this case defendant did not move for a directed verdict. However, the plaintiff did not make

an issue to the trial court nor in this court that the order allowing the judgment n.o.v. was deficient because it was based upon the failure to allow the motion for involuntary nonsuit rather than upon a failure to allow a motion for a directed verdict as provided by ORS 18.140 (1). We will not, therefore, consider the sufficiency of the order as entered. ". . . it is only in rare cases that this court will notice an alleged erroneous ruling of the trial court to which no exception was taken or objection made by the appellant." *State v. Avent* (1956) 209 Or 181, 183, 302 P2d 549. There is no reason for us to consider the sufficiency of the order *sua sponte.*

■ The case presents only a question of fact. We have considered the record and decide that the trial court was correct in its conclusion that there was no evidence to justify submission of the case to the jury. There is no evidence of any agreement, express or implied, between plaintiff and defendant whereby defendant agreed to pay plaintiff a commission. If the confusing and conflicting evidence presented by plaintiff in this case proves anything, it affirmatively proves that defendant did not agree to pay a commission. We find no need to recite the evidence.

Judgment affirmed.

**ON RESPONDENT'S MOTION**

On respondent's motion for order recalling mandate for correction.

Tooze, Kerr, Tooze & Morrell, Portland, for the motion.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

PER CURIAM.

Both parties have presented motions which express the same uncertainty with the original opinion

filed in this case, decided May 25, 1960, 70 Ad Sh 1417, 352 P2d 596. The parties appear to have treated the final order of the trial court, from which this appeal was taken, as an order allowing a new trial. We did not. We considered the order to be in the alternative allowed by ORS 18.140 (3). That part of the order which recited that the judgment for plaintiff be set aside and vacated we treated as a judgment n.o.v.

The entire order of the trial court reads:

"This matter came on for hearing upon the motion of the defendant for a judgment notwithstanding the verdict or in the alternative for a new trial on May 9, 1958, and the court having heard the arguments of counsel and having reviewed all of the evidence introduced at the trial of this case, it is of the opinion that there is no evidence sufficient to justify the verdict returned and that the court should have granted defendant's motion for judgment of nonsuit on the ground that there was no substantial evidence introduced by the plaintiff sufficient to be submitted to the jury on any material issue of fact in this case, and

"The Court being fully advised in the premises, it is

"ORDERED that the verdict of the jury rendered and entered herein March 17, 1958, and the judgment in favor of the plaintiff and against the defendant entered herein March 19, 1958, be and the same are hereby vacated and set aside, and

"IT IS FURTHER ORDERED that a new trial be had in this cause.

"DATED this 12th day of May, 1958."

In our original opinion we ignored the fact that the order recited that the "court should have granted

defendant's motion for judgment of nonsuit" rather than that the court should have directed a verdict as required by ORS 18.140 (1).

If our original opinion was not clear, then it should now be understood that we construed the order of the trial court to grant a judgment n.o.v. and we affirmed the court's order.

It is, therefore, unnecessary to recall the mandate or allow a rehearing to correct the judgment.

No one should infer that either this, or the original, opinion is intended to be critical of counsel.

Motion denied.