Argued December 7, 1964, affirmed April 2, petition for
rehearing denied May 25, 1965

# THOMPSON AND GEORGESON, INC. *v.*
## WARD ET AL
### 400 P. 2d 557

*Adelbert G. Clostermann,* Portland, argued the cause for appellants. With him on the brief was T. Walter Gillard, Portland.

*Lewis K. Scott,* Portland, argued the cause for respondent. With him on the brief were Koerner, Young, McColloch & Dezendorf, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

McALLISTER, C. J.

These are two consolidated actions to recover the reasonable value of services performed by Alex Georgeson and Harry G. Thompson at the special instance and request of the defendants, who, as a joint venture, constructed a radar base for the United States at Mt. Hebo. The causes of action for services were assigned by the individuals to the plaintiff. The actions were tried by the court without a jury. The court made findings of fact and entered a judgment in each action in favor of plaintiff, from which these appeals are taken.

Defendants' brief contains two assignments of error, neither of which is sufficient to present any question for review by this court. The first assignment alleges that the court erred in denying defendants' motion for judgment notwithstanding the verdict, and the second alleges that the court erred in denying defendants' motion for a directed verdict.

The first assignment of error violates our rule which directs that if a motion for judgment notwithstanding the verdict "is based on the ground that a motion for directed verdict should have been granted, error should not be assigned to denial of the motion for judgment notwithstanding the verdict, but to

denial of the motion for directed verdict." See Rule 19, and Appendix B, Illustration 3, Rules of Procedure, Revised January 31, 1964; *Merritt v. S. I. A. C.*, 235 Or 121, 384 P2d 140 (1963). This assignment of error, however, like the second assignment, is deficient for a more basic reason. No motion for a directed verdict was made in either of these cases, and since they were tried by the court without a jury, no such motion could properly have been made. In a case tried by the court the finding of the court upon the facts is deemed a verdict. ORS 17.435. Originally the finding of the court was in the nature of a special verdict and a finding was necessary "upon all the material issues involved in the action." *Moody v. Richards,* 29 Or 282, 285, 45 P 777 (1896); *Turner v. Cyrus,* 91 Or 462, 465, 179 P 279 (1919). In 1925 the statute [ORS 17.430] was amended to permit "either general or special findings." Oregon Laws 1925, Ch. 211.

In a case tried by the court the function of a motion for a directed verdict is performed by objections to the findings. The leading case is *Con. Freightways v. West Coast Freight,* 188 Or 117, 120, 212 P2d 1075, 214 P2d 475 (1950), where this court said:

"The procedure to be followed in cases of this sort is outlined in § 5-502, O.C.L.A., [ORS 17.430] * * *. As originally enacted in 1862 this statute, while requiring the court to make and file findings of fact and conclusions of law, contained no express provision for objections to, or requests for, findings. § 216, General Laws of Oregon 1845-1864 (Deady). Such provisions were added by amendments, first by Ch. 211, General Laws of Oregon 1925, and later by Ch. 165, General Laws of Oregon 1927. But whether under the statute in its original, or in its present form, it has uniformly been held that, in order to raise in the Supreme Court the question of the failure to make findings in accord-

ance with a party's theory, the failure to find on an issue claimed to be material, or the sufficiency of the evidence to support a finding, the question must first be brought to the attention of the trial court by objections to proposed findings or requests for other, different or additional findings. * * *"

See also *Gordon Creek Tree Farms v. Layne et al,* 230 Or 204, 234, 358 P2d 1062, 368 P2d 737 (1962); *Scott et al v. Lawrence Whse. Co.,* 227 Or 78, 100, 360 P2d 610 (1961); *Mullennex v. Draper,* 220 Or 1, 3, 347 P2d 990 (1960).

■ In the case at bar appellants made no objection to the findings and did not request other, different or additional findings. We, therefore, cannot consider the sufficiency of the evidence to support the findings, which is the issue appellants were evidently trying to raise by their assignments of error. In any event, the findings may not be set aside if they are supported by any substantial competent evidence. *State High. Com. et al v. Kendrick et al,* 227 Or 608, 612, 363 P2d 1078 (1961), and cases therein cited. In these cases the evidence amply supports the findings.

The judgments are affirmed.