Argued March 5, reversed and remanded May 1, 1968.

STARK, *Appellant, v.* HENNEMAN ET AL,
*Respondents.*

440 P. 2d 364

*John Toran, Jr.,* Portland, argued the cause and filed briefs for appellant.

*Irvin D. Smith,* Portland, argued the cause and filed a brief for respondents.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

LUSK, J.

This is an action to recover damages for conversion of an automobile. Plaintiff had a verdict for compensatory and punitive damages. Thereafter the defendants moved for judgment n.o.v. with regard only to the verdict for punitive damages. The court allowed the motion and denied an alternative motion for a new trial, also limited to the question of punitive damages.

Owing to the state of the record we do not reach the question whether the evidence is sufficient to justify an award of punitive damages.

Although the motion of the defendant for judgment n.o.v. states as ground therefor "that a motion for a directed verdict regarding punitive damages made by the Defendants should have been granted" the record discloses no such motion. At the close of plaintiff's case defendants moved the court to take from the jury's consideration the issue of punitive damages. The court denied the motion, saying: "[C]ounsel, in the event judgment for punitive damages is returned, might want to move for a judgment n.o.v., at which time I would consider the evidence further." At the conclusion of all the evidence counsel for defendants submitted a motion with regard to the amount of compensatory damages proven, but nothing whatever was said about punitive damages.

The n.o.v. statute, ORS 18.140, provides in part that "when a motion for a directed verdict which should have been granted has been refused and a verdict is rendered against the applicant, the court may, on motion, render a judgment notwithstanding the verdict, or set aside any judgment which may have been entered and render another judgment, as the case may require." The refusal of a motion for a directed verdict is a condition precedent to the exercise of the court's power to render a judgment n.o.v.: *German v. Kienow's Food Stores*, 246 Or 334, 425 P2d 523; *Thompson, Georgeson, Inc. v. Ward*, 240 Or 429, 400 P2d 557; *Merritt v. SIAC*, 235 Or 121, 384 P2d 140; *Carey v. Leonard*, 235 Or 107, 383 P2d 1011. It was, therefore, error for the trial court to grant the motion for judgment n.o.v.

The defendants have not availed themselves of the right granted by ORS 19.130(2) to assign error in their brief to the court's denial of their motion for a new trial and the correctness of that ruling is not before us.

The judgment is reversed and the cause remanded with directions to reinstate the judgment for the plaintiff.