Argued and submitted July 25, reversed and remanded December 19, 1984, reconsideration denied February 15, petition for review denied March 6, 1985 (298 Or 773)

MICEK,
*Appellant,*

*v.*

LeMASTER,
*Defendant,*
LEONARD,
*Respondent.*

(81-3-14; CA A30011)

692 P2d 652

Clayton C. Patrick, Salem, argued the cause for appellant. With him on the briefs were Deanne L. Darling, and Hutchison, Hammond & Walsh, Oregon City.

James R. Carskadon, Jr., Milwaukie, argued the cause for respondent. With him on the brief was Redman, Carskadon, Knass & Kelly, Milwaukie.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The issue is whether an order granting defendant's[1] motion for judgment notwithstanding the verdict is void because it was not heard and determined within 55 days of the entry of judgment as required by ORCP 63D. We hold that the order is void and reverse and remand with instructions to reinstate the judgment for plaintiff.

On June 2, 1983, judgment was entered for plaintiff following a jury verdict in her favor. Defendant filed a timely motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. ORCP 63D; ORCP 64F. Because of scheduling conflicts, the hearing on the motion was not held until July 27, 1983, the 55th day after the judgment.[2] The day before the hearing, plaintiff's counsel filed a lengthy memorandum opposing the motion. At the hearing, defendant's counsel, evidently unaware of the 55-day time limit, requested a continuance, because he had not had time to read and respond to plaintiff's memorandum. Plaintiff's counsel did not object. The parties agreed to dispense with oral arguments on the motion because of the vacation schedules of the trial judge and defendant's counsel. The trial court allowed defendant's counsel to file his reply memorandum on August 15, 1983, which he did. On September 15, 1983, the court entered an order granting the motion for judgment notwithstanding the verdict and on September 21, 1983, entered judgment for defendant.

Plaintiff then filed a motion under ORCP 71B for relief from that order and judgment on the ground that the order granting defendant's motion was void, because it was not entered within 55 days of the judgment. The trial court found that the delay in ruling on the motion was caused by plaintiff's last-minute filing of the lengthy memorandum and the resulting continuance to which both parties had agreed. It also found that plaintiff's counsel knew about the 55-day limit but nevertheless failed to bring it to the attention of the court. To allow plaintiff to challenge the late ruling as error would, in the trial court's opinion, be unfair. The trial court found that

---

[1] "Defendant" means defendant Leonard. Defendant LeMaster is not a party to this appeal.

[2] The record does not indicate whether this fact was intentional or coincidental.

plaintiff's counsel had, by words and conduct, stipulated to the extension of time and was estopped from challenging the ruling. The ORCP 71B motion was denied. Plaintiff appeals from the judgment n.o.v. entered for defendant and from denial of the motion. Denial of an ORCP 71B motion made on the ground that the challenged judgment is void is appealable. *Waybrant v. Bernstein,* 294 Or 650, 661 P2d 931 (1983).

■    ORCP 63D provides that a motion for judgment notwithstanding the verdict

"* * * shall be heard and determined by the court within 55 days of the time of the entry of the judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

The clear language of the rule leads to the inescapable conclusion that the trial court lacked jurisdiction to rule on the motion after the 55th day after judgment and that the order is thus void. In cases construing the former statute, ORS 18.140(4), containing language identical to that in ORCP 63D, the Supreme Court and this court held that an order granting a motion for judgment notwithstanding the verdict not heard and determined within 55 days of judgment was void. *See Crow v. Junior Bootshops,* 241 Or 135, 404 P2d 789 (1965); *Clark v. Auto Wholesale Co., Inc.,* 237 Or 446, 391 P2d 754 (1964); *Ernst v. Logan Oldsmobile Co.,* 208 Or 449, 302 P2d 220 (1956); *Nendel v. Meyers,* 162 Or 661, 94 P2d 680 (1939); *McCarty v. State,* 45 Or App 21, 607 P2d 219, *rev den* 289 Or 71 (1980). There is no reason to interpret ORCP 63D differently.

Defendant argues that to void the judgment in this case is unfair. The gist of his argument is that plaintiff's counsel engaged in professional misconduct to protect his client's verdict by failing to bring to the court's attention the 55-day time limit, despite his ethical obligation to do so. Therefore, defendant argues, plaintiff's counsel "invited" the court's error and should be estopped from challenging the court's ruling.

It is far from clear that plaintiff's counsel actually misled the trial court. He stated that at the time of the July 27 hearing he was aware of the 55-day limit but that he did not appreciate its significance. He also stated that he had believed that the 55 days had expired on July 26.

■ It is true that a party cannot lead a court into error and then claim reversible error. *Calif.-Pacific Utilities v. Barry,* 254 Or 344, 347, 460 P2d 847 (1969). However, that is a rule of estoppel which presupposes that the court was induced to act erroneously in a situation where it had authority to act. The conduct of litigants or their counsel cannot give the court authority which it otherwise lacks. The motion for judgment n.o.v. was deemed conclusively denied after the 55th day following judgment as a matter of law, and the court simply had no authority to entertain the motion. The judgment entered after the statutory deadline is void, whether entered inadvertently, intentionally or because of misleading conduct of a party or counsel. Plaintiff's motion to set aside the judgment n.o.v. for defendant should have been granted.

Reversed and remanded with instructions to reinstate judgment for plaintiff.