Argued and submitted November 2, affirmed December 9, 1987, reconsideration denied January 29, petition for review denied March 1, 1988 (305 Or 273)

SMITH,
*Appellant,*

*v.*

RIKER,
*Respondent.*

(85-58-CV; CA A42207)

746 P2d 247

S. David Eves, Corvallis, argued the cause for appellant. With him on the brief was S. David Eves, P.C., Corvallis.

Robert H. Grant, Medford, argued the cause for respondent. With him on the brief was Grant, Ferguson, Carter, P.C., Medford.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

In this negligence action, plaintiff appeals a summary judgment in favor of defendant. The dispositive issue is whether ORS 12.155(1) applies to Personal Injury Protection payments (PIP) to require a paying insurer to give written notice of when the applicable tort Statute of Limitations will run.[1] If it does not, plaintiff's action is barred.

On February 1, 1983, plaintiff was injured when a car driven by defendant, in which plaintiff was a passenger, collided with a school bus. Defendant was insured under her parents' State Farm Insurance (State Farm) policy. State Farm paid plaintiff under that policy over $21,000 in PIP payments. Plaintiff filed an action for damages against defendant on January 31, 1985, within the two-year Statute of Limitations, but the complaint was not served within the 60-day period under ORS 12.020(2), thus resulting in untimely commencement of the action. Plaintiff contends, however, that her action is not barred, because the Statute of Limitations was tolled by State Farm's failure to give notice under ORS 12.155.

Defendant contends that that provision is applicable only to "advance payments," not PIP benefits, mainly because an insurer's duty to pay PIP benefits is contractual, whereas the advance payments concept contemplates tort liability. *Ben Rybke Co. v. Royal Globe Ins. Co.,* 55 Or App 833, 640 P2d 620, *aff'd* 293 Or 513, 651 P2d 138 (1982). "Advance payment" is defined in ORS 18.500:

" '[A]dvance payment' means compensation for the injury or

---

[1] ORS 12.155 provides:

"(1) If the person who makes an advance payment referred to in ORS 18.520 or 18.530 gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. The notice required by this subsection shall be in such form as the Insurance Commissioner prescribes.

"(2) If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."

death of a person or the injury or destruction of property prior to the determination of legal liability therefor."

ORS 18.520(1) provides:

"Advance payment for damages arising from the death or injury of a person is not an admission of liability for the death or injury by the person making the payment unless the parties to the payment agree to the contrary in writing."

The purpose of enacting those statutes was two-fold: First, to allow an insurer to make advance payments to a person injured or damaged by the conduct of an insured without admitting liability for an injured person's claim and to encourage such payments; second, to protect an injured party from being misled into believing that a limitation period is no longer applicable because the insurer has acknowledged its insured's liability. *Duncan v. Dubin,* 276 Or 631, 636, 556 P2d 105 (1976).

The legislatively encouraged incentives to make advance payments are not applicable to the PIP statutory scheme. Under ORS 743.800, PIP benefits are payable to an injured person without consideration of fault or tort liability of the insured. The insurer must pay PIP benefits promptly on proof of loss. Its liability is contractual. The insured's tort liability is relevant only with regard to the insurer's reimbursement rights. ORS 743.825. It is apparent that the legislature intended to create two different schemes of compensation. ORS 12.155, which provides for the Statute of Limitations suspension and notice requirement, is explicit. It refers only to ORS 18.520 and ORS 18.530, which deal with "voluntary" advance payments made before determination of tort liability. PIP, when payable, is pursuant to a statutorily imposed contractual duty and is not voluntary. The notice requirement of ORS 12.155 does not extend to PIP benefits.[2]

---

[2] We concede that placing subsections (2) and (3)(b) of ORS 18.510 in the statute that also deals with advance payments may be misleading. The statute provides:

"(1) If judgment is entered against a party on whose behalf an advance payment referred to in ORS 18.520 or 18.530 has been made and in favor of a party for whose benefit any such advance payment has been received, the amount of the judgment shall be reduced by the amount of any such payments in the manner provided in subsection (3) of this section. However, nothing in ORS 12.155, 18.520, 18.530 and this section authorizes the person making such payments to recover such advance payment if no damages are awarded or to recover any

Affirmed.

---

amount by which the advance payment exceeds the award of damages.

"(2) If judgment is entered against a party who is insured under a policy of liability insurance against such judgment and in favor of a party who has received benefits that have been the basis for a reimbursement payment by such insurer under ORS 743.825, the amount of the judgment shall be reduced by reason of such benefits in the manner provided in subsection (3) of this section.

"(3)(a) The amount of any advance payment referred to in subsection (1) of this section may be submitted by the party making the payment, in the manner provided in ORCP 68 C.(4) for the submission of disbursements.

"(b) The amount of any benefits referred to in subsection (2) of this section, diminished in proportion to the amount of negligence attributable to the party in favor of whom the judgment was entered and diminished to an amount no greater than the reimbursement payment made by the insurer under ORS 743.825, may be submitted by the insurer which has made the reimbursement payment, in the manner provided in ORCP 68 C.(4) for the submission of disbursements.

"(c) Unless timely objections are filed as provided in ORCP 68 C.(4), the court clerk shall apply the amounts claimed pursuant to this subsection in partial satisfaction of the judgment. Such partial satisfaction shall be allowed without regard to whether the party claiming the reduction is otherwise entitled to costs and disbursements in this action."

The apparent reason for the statutory arrangement is that the manner of the reduction of a final judgment by advance payments and PIP benefits is identical. With the exception of the two provisions, the entire PIP scheme is in ORS chapter 743.