On respondent's petition for reconsideration filed December 14, 1989, reconsideration allowed, former opinion (99 Or App 23, 781 P2d 364) modified to vacate order suppressing defendant's statements and to remand for further proceedings; adhered to as modified March 7, reconsideration denied May 16, petition for review denied June 19, 1990 (310 Or 122)

## STATE OF OREGON,
*Appellant,*

*v.*

## PEPE GLENN RIVAS,
*Respondent.*

(87-944; CA A48028)

788 P2d 464

Des Connall and Wayne Mackeson, Portland, for the petition.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

### GRABER, P. J.

Defendant petitions for review of our decision in which we reversed a trial court order suppressing evidence that the state intended to use in his trial for aggravated murder. 99 Or App 23, 781 P2d 364 (1989). We treat the petition as one for reconsideration, ORAP 9.15(1), allow it, and modify our former decision.

■ A police officer arrested defendant in the kitchen of the restaurant where he was working. The officer did not have an arrest or search warrant. At the trial court, defendant attacked the legality of the arrest on a number of grounds, including that the kitchen was not a public place where the officer had a right to be. The trial court held, without explaining the basis for its decision, that the arrest was illegal and suppressed defendant's statements. We held that the officer had a right to be in the kitchen, because the restaurant's hostess, who was apparently in charge of the premises, consented to his going there. Defendant points out that, although the state had argued consent in the trial court, it did not on appeal. Therefore, defendant asserts, the state waived the argument and we should not have considered it.

We agree. The state argued the consent issue in the trial court, so it *could* properly have raised it on appeal. *Former* ORAP 7.19(5); *Tarwater v. Cupp,* 304 Or 639, 644 n 5, 748 P2d 125 (1988). However, when it did not, it waived the argument. A party may make many arguments in the trial court, in order to ensure that it has raised all issues, but may decide on appeal to focus on those that it thinks are most likely to be successful. Except for errors of law apparent on the face of the record, ORAP 5.45(2), it is not our role as an appellate court to ignore an appellant's choice. Because the state did not, directly or indirectly, argue on appeal that the hostess consented to the officer's entering the kitchen, and because the error was not plain on the face of the record, we should not have decided that defendant's arrest was legal for that reason.

The argument that the state *did* make is that the police

"were not required to obtain a warrant to arrest defendant at his place of employment, during his normal working hours, because defendant had no personal privacy interest in the premises entered by the police."

As part of that argument, the state asserted that the warrant requirement for an arrest does not extend to arrests made in public places. The only cases on which it relied were decided under the Fourth Amendment.

■ We agreed with the state that a warrant is not necessary to arrest a person in a public place, and we adhere to that holding. 99 Or App at 26. The problem, however, is that the court did not explicitly find whether the kitchen *was* a public place.[1] In the absence of an express finding, we presume that the trial court resolved disputed factual issues in favor of defendant, the prevailing party. *Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968).

■ The state argues that, even if the officer had no authority to enter, defendant "had no personal privacy interest" in the kitchen. The state is wrong. Article I, section 9, protects business premises as well as homes. *See State v. Dixson/Digby,* 307 Or 195, 207-208, 766 P2d 1015 (1988); *State v. Laundy,* 103 Or 443, 495, 204 P 958, 206 P 290 (1922).[2] Because we presume that the trial court found that the kitchen was not open to the public,[3] and because the state did

---

[1] The trial court did not make explicit findings, as it should have. *See State v. Wise,* 305 Or 78, 81-82, 749 P2d 1179 (1988).

[2] In *Laundy,* the Supreme Court held both that business premises are constitutionally protected and that the police may enter in order to make a warrantless arrest, if they have probable cause for the arrest. The latter holding is no longer the law, *see State v. Court,* 81 Or App 598, 601-602, 726 P2d 1205 (1986), but the holding that Article I, section 9, protects business premises is still correct.

[3] There was evidence to support that presumed finding. The hostess testified:

"Q. It would be correct to say that the kitchen is a separate room from the dining area?

"A. Yes.

"Q. And you get into the kitchen, what, going through a door, I assume?

"A. Right.

"* * * * *

"Q. Is the public invited into the kitchen?

"A. No, I wouldn't think so.

"* * * * *

"Q. And you attempted to prevent the officer from going into the kitchen?

"A. Yes, I was going to get Pepe and bring him out.

"Q. Did the officer get your consent or the manager's consent to go into the kitchen?

"A. I — I guess it was my consent because I led him back there.

"Q. He just said, I'm going, I'm going into the kitchen and get him?

"A. Once he showed me his badge I let him come back."

not argue on appeal that the hostess had consented, the officer's entry violated the "privacy of the kitchen." Defendant, as an employee working in the kitchen, was among the persons whom that privacy protected. The officer's action, therefore, violated his personal privacy interests. *See State v. Tanner,* 304 Or 312, 321-322, 745 P2d 757 (1987). We conclude that the arguments that the state makes on appeal do not justify the warrantless arrest.

The trial court did not find whether defendant's statements to the police followed directly from the arrest and are the fruits of it or whether the taint of the illegality was attenuated as to any of them. *See, e.g., State v. Davis,* 99 Or App 358, 781 P2d 1264 (1989), *rev allowed* 310 Or 70 (1990). We therefore vacate its order suppressing those statements and remand so that it can consider the issue. If it finds that that taint was attenuated as to any statement, that statement is admissible in accordance with the discussion in our previous opinion. 99 Or App at 28-31. The trial court should re-enter its order suppressing any statement as to which the taint was not attenuated.

The search of the Wallis home was supported by valid consents other than defendant's. We adhere to our decision as to the items found during that search. 99 Or App at 31.

Reconsideration allowed; opinion modified to vacate the order suppressing defendant's statements and to remand for further proceedings not inconsistent with this opinion; adhered to as modified.