Argued and submitted May 25, reversed and remanded for reinstatement of jury verdict and entry of judgment October 17, reconsideration denied December 5, 1990, petition for review allowed January 15, 1991 (311 Or 87)

Gerald E. AILES,
*Appellant,*

*v.*

PORTLAND MEADOWS, INC.,
*Respondent.*

(A8704-02489; CA A60011)

799 P2d 203

George B. Altenberg, Jr., Santa Rosa, California, argued the cause for appellant. With him on the briefs were Mark E. Griffin and Griffin & McCandlish, Portland.

John R. Faust, Jr., Portland, argued the cause for respondent. With him on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Riggs, Presiding Judge, and Edmonds and De Muniz, Judges.

EDMONDS, J.

De Muniz, J., dissenting.

## EDMONDS, J.

Plaintiff appeals from a judgment *n.o.v.* ORCP 63. The trial court ruled that plaintiff's action is barred by the Statute of Limitations. ORS 12.110(1).[1] We reverse, because the trial court was without authority to enter the judgment.

Plaintiff, a professional jockey, was injured while racing a horse at defendant's race track. The complaint alleged that defendant was negligent and that, as a result, plaintiff suffered personal injuries. Defendant's pretrial motion to dismiss "the entire case based on the statute of limitations" was denied. At trial, defendant moved for a directed verdict at the conclusion of plaintiff's evidence, ORCP 60, on grounds unrelated to ORS 12.110(1). The motion was denied. At the close of all the evidence, defendant moved for a directed verdict on the "same grounds" as the first motion and, again, the motion was denied. That same day, immediately after the jury returned a verdict in favor of plaintiff, defendant orally moved for a judgment *n.o.v.* on the grounds stated in the directed verdict motions. That motion was also denied.

Three weeks later, defendant filed a written motion for judgment *n.o.v.* and, in the alternative, for a new trial, arguing, *inter alia,* that plaintiff's action was barred by ORS 12.110(1). A hearing on the motion was held, and the trial court granted defendant's motion for judgment *n.o.v.* on the basis of ORS 12.110(1), but denied the motion for judgment *n.o.v.* and a new trial on the other grounds raised by defendant.

■■ Plaintiff argues that defendant waived its right to raise the Statute of Limitations by motion for judgment *n.o.v.,* because it did not first raise it by motion for a directed verdict. Plaintiff did not make that argument to the trial court and did

---

[1] ORS 12.110(1) provides:

"An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

The complaint was filed within two years after plaintiff's injury. However, the trial court ruled that, because service was made sixty-one days after the filing of the complaint, the action was not commenced within two years after the injury. *See* ORS 12.020.

not assert it on appeal until his reply brief. As the Supreme Court has said:

> "[A] party who makes no objection at all [to the trial court] cannot be heard to complain to [an appellate] court. A party owes the trial court the obligation of a sound, clear and articulate motion, objection or exception, so as to permit the trial judge a chance to consider the legal contention or to correct an error already made." *Shields v. Campbell,* 277 Or 71, 77, 559 P2d 1275 (1977).

*See also* ORAP 5.45(2); ORAP 5.70(1); *Hendrix v. McKee,* 281 Or 123, 125 n 2, 575 P2d 134 (1978). ORCP 63A provides:

> "When a motion for a directed verdict, made at the close of all the evidence, which should have been granted has been refused and a verdict is rendered against the applicant, the court may, on motion, render a judgment notwithstanding the verdict, or set aside any judgment which may have been entered and render another judgment, as the case may require."

Notwithstanding that plaintiff failed to preserve his argument that defendant waived its right to raise the Statute of Limitations argument under ORCP 63A, a motion for a directed verdict or its equivalent is a "condition precedent to the exercise of the court's power to render a judgment *n.o.v.*" *Stark v. Henneman,* 250 Or 34, 36, 440 P2d 364 (1968); *Owens v. Haug,* 61 Or App 513, 516 n 3, 658 P2d 523, *rev den* 294 Or 792 (1983); *Huston v. Trans-Mark Services,* 45 Or App 801, 804 n 3, 609 P2d 848, *rev den* 289 Or 587 (1980). We understand *Henneman* to hold that failure to move for a directed verdict before moving for a judgment *n.o.v.* is not jurisdictional, but makes the court's allowance of a judgment *n.o.v.* error. The fact that plaintiff's argument was not made in the trial court could not give the court authority to grant the motion for judgment *n.o.v.,* if it otherwise lacked that authority.[2] *See Micek v. LeMaster,* 71 Or App 361, 365, 692 P2d 652

---

[2] In *Barr v. Linnton Plywood Ass'n,* 223 Or 541, 352 P2d 596, 355 P2d 256 (1960), the trial court had granted the defendant's motion for judgment *n.o.v.* after the defendant had moved for involuntary nonsuit at the close of the plaintiff's case and did not present any evidence. The Supreme Court did not "consider the sufficiency" of the order allowing the judgment *n.o.v.,* observing that

> "the plaintiff did not make an issue to the trial court nor [on appeal] that the order * * * was deficient because it was based upon the failure to allow the motion for involuntary nonsuit rather than upon a failure to allow a motion for a directed verdict * * *." 223 Or at 542.

However, *Barr* was decided before *Stark v. Henneman, supra.* We note, too, that *Barr* is factually distinguishable from this case. In *Barr,* the issue was not raised on appeal but, here, it was, albeit not until the reply brief.

(1984), *rev den* 298 Or 773 (1985). Because defendant failed to raise the limitations issue by motion for a directed verdict or its equivalent, the trial court had no authority to grant the motion for judgment *n.o.v.* on that ground.[3]

Reversed and remanded for reinstatement of jury verdict and entry of judgment thereon.

DE MUNIZ, J., dissenting.

The majority decides this case on an issue not properly preserved in the court below or properly raised in this court. I, therefore, dissent.

Before trial, defendant moved to dismiss the complaint contending that the action had not been commenced within the two year Statute of Limitations. That motion was denied. At trial, defendant moved for a directed verdict at the end of plaintiff's case and again at the end of all the evidence. Both motions were denied. Defendant did not raise the Statute of Limitations in either motion. After trial, defendant moved for judgment *n.o.v.* on the grounds stated in the motion for directed verdict. That motion was denied. Three weeks later, defendant again moved for judgment *n.o.v.* and, in that motion, raised the Statute of Limitations. The court granted the motion, concluding that, because the summons was not served until 61 days after the filing of the complaint, the action had not been commenced within two years of the injury.[1]

In this court, plaintiff's only assignment of error states:

"The trial court erred in granting judgment to defendant on the ground that plaintiff had not timely commenced this action. Plaintiff is entitled to the benefit of the tolling provisions of ORS 12.155(2) where plaintiff had received advance payments after the injury occurred and was not notified of the

---

[3] As a result of our disposition of the case, we do not reach the parties' remaining arguments.

[1] ORS 12.020(2) states:

"If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

"expiration of the statute of limitations, the complaint was filed within two years of the date of injury, but the summons was not served and the action was not commenced until sixty one days after the date of the filing of the action."

Plaintiff did not argue in the trial court that defendant had "waived" the limitations issue by failing to raise the issue in the motions for directed verdict. Moreover, it was not until plaintiff's reply brief that we were first alerted to the argument.[2]

In *Shields v. Campbell*, 277 Or 71, 559 P2d 1275 (1977), the Supreme Court said:

"[A] party who makes no objection at all [to the trial court] cannot be heard to complain to [an appellate] court. A party owes the trial court the obligation of a sound, clear and articulate motion, objection or exception, so as to permit the trial judge a chance to consider the legal contention or to correct an error already made." 277 Or at 77.

ORAP 5.45(2) states, in part:

"No matter assigned as error will be considered on appeal unless it was preserved in the lower court and assigned as error in the party's opening brief."

Only in unusual circumstances will we consider an issue not preserved below or properly assigned as error in this court. *Shields v. Campbell, supra,* 277 Or at 77; *State v. Rivas,* 100 Or App 620, 622, 788 P2d 464, *rev den* 310 Or 122 (1990).

In spite of those obvious defects in appellate procedure, the majority reverses the judgment *n.o.v.,* because a motion for directed verdict is a "condition precedent to the exercise of the court's power to render a judgment." *See Stark v. Henneman,* 250 Or 34, 36, 440 P2d 364 (1968). The majority has determined to reach the substantive issue because of the proviso in ORAP 5.45(2) that allows us to "consider errors of law apparent on the face of the record." That rule gives us discretionary power to consider legal errors that appear on the

---

[2] The majority points out that the issue has been raised in the plaintiff's reply brief. There are two responses. First, ORAP 5.70(1) states that "[t]he content of a reply brief shall be confined to matters raised in the respondent's brief." Obviously, defendant did not raise this argument in its opening brief. Second, because the issue was not raised until the reply brief, we do not have the benefit of a written response from defendant. To consider it now is unfair to defendant.

face of the record. The Supreme Court, in *State v. Brown,* 310 Or 347, 798 P2d 656 (1990), has now indicated that, in order to consider an issue under ORAP 5.45(2): the error must be one of law; the legal point must be obvious and not reasonably in dispute; and the facts comprising the error must be irrefutable, that is, they must appear on the face of the record and must not require the court to choose between competing inferences. Here, the legal error identified by the majority is not "apparent;" instead, as illustrated in *Barr v. Linnton Plywood Ass'n,* 223 Or 541, 352 P2d 596 (1960), the legal point is one which is in reasonable dispute.

In *Barr,* the defendant failed to move for a directed verdict before seeking—and receiving—a judgment *n.o.v.* On appeal, the Supreme Court refused to consider the sufficiency of the order allowing the judgment:

"ORS 18.140(1) permits a judgment notwithstanding the verdict *inter alia* when a 'motion for a directed verdict which should have been granted has been refused and a verdict is rendered against the applicant * * *.' In this case defendant did not move for a directed verdict. However, the plaintiff did not make an issue to the trial court nor in this court that the order allowing the judgment n.o.v. was deficient because it was based upon the failure to allow the motion for involuntary nonsuit rather than upon a failure to allow a motion for a directed verdict as provided by ORS 18.140(1). We will not, therefore, consider the sufficiency of the order as entered. '* * * [I]t is only in rare cases that this court will notice an alleged erroneous ruling of the trial court to which no exception was taken or objection made by the appellant.' *State v. Avent* (1956) 209 Or 181, 183, 302 P2d 549. There is no reason for us to consider the sufficiency of the order *sua sponte.*" 223 Or at 542.

*Barr* presented the identical legal issue with respect to preservation of error that we face here. *Barr* noted the error, yet refused to consider it, because it had not been preserved below. We should follow *Barr.*

In the assigned error, plaintiff contends that, although the action was not commenced within two years, the Statute of Limitations, ORS 12.110, was tolled when the insurer made advance payments to plaintiff without an accompanying notice indicating the date when the Statute of Limitations would expire. Plaintiff relies on ORS 12.155 and

the Supreme Court's decision in *Duncan v. Dubin,* 276 Or 631, 556 P2d 105 (1976). ORS 12.155 provides:

"(1) If the person who makes an advance payment referred to in ORS 18.520 or 18.530 gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. The notice required by this subsection shall be in such form as the Director of the Department of Insurance and Finance prescribes.

"(2) If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."

In *Duncan,* the plaintiff filed the complaint within two years but did not effect service until seven days after the Statute of Limitations had expired. However, the defendant's insurer made an advance payment to the plaintiff without notification of the date when the Statute of Limitations would expire. The Supreme Court held that, because the plaintiff had not received written notice from the insurer of the expiration date of the Statute of Limitations, the statute was "suspended" and the action was not barred. 276 Or at 638.

In granting the judgment *n.o.v.* here, the trial court relied instead on *Dotson v. Smith,* 307 Or 132, 764 P2d 540 (1988), where the complaint was filed and served within the two-year limitation. However, it was dismissed by the court for lack of prosecution. The plaintiff filed a second action after the Statute of Limitations had run, contending that, because the defendant's insurer had made an advance payment without the requisite notice, the statute had been tolled. The Supreme Court rejected the argument, holding that ORS 12.155 was not intended to apply to cases actually commenced within the limitation period. 307 Or at 139.

It is not necessary to determine whether *Duncan* or

*Dotson* applies, because the advance payments made in this case are not the kind contemplated in ORS 12.155 and ORS 18.520. In *Ben Rybke v. Royal Globe Insurance Co.,* 55 Or App 833, 640 P2d 620, *aff'd* 293 Or 513, 651 P2d 138 (1982), the plaintiff brought an action against his insurers to recover insurance proceeds for fire losses that he had sustained. The trial court found that the action was barred by the one-year limitation period in the insurance policies and in ORS 742.240.[3] On appeal, the plaintiff contended that any applicable limitation period was suspended under ORS 12.155, because the insurers had made advance payments without notification of the date when the Statute of Limitations would expire.

We held that payments made by the insurers to the plaintiff were not subject to the provisions of ORS 12.155. After quoting extensively from *Duncan,* we stated:

"[T]he statute was designed to protect *third-party* payees *and* liability insurers, while at the same time encouraging payments in advance of the determination of the extent of ultimte [sic] liability, if any. That is peculiarly a third-party situation. That is to say, the public policy considerations for encouraging advance payments to persons injured by or suffering property damage from the actions of insureds are quite different from the public policy considerations that might be involved in encouraging settlements of disputes between insurers and their insureds. The language in *Duncan* is pregnant with the former sort of considerations; it has no bearing on the latter sort of considerations. The language of *Duncan* is relevant to this case, however, even though it involved only a third-party claim, because it contains the substance of the legislative history that indicates the limited reach of the statutes.

"The language of ORS 12.155 and the other related advance payment statutes clearly indicates that the legislation applies when an advance payment is made by an insurer to a person making a claim against its insured. If the words in the statute were not themselves clear on that point, the legislative history quoted in *Duncan* effectively demonstrates that

---

[3] ORS 742.240, *former* ORS 743.660, states:

"A fire insurance policy shall contain a provision as follows: 'No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss.' "

the legislation was designed with only the insurer third-party situation in mind. * * *

"* * * * *

"We hold that the payments made by the insurers here are not subject to the provisions of ORS 12.155." 55 Or App at 839. (Footnote omitted; emphasis in original.)

Although the Supreme Court affirmed on a different ground, it did acknowledge the correctness of this court's conclusion that ORS 12.155 does not apply to advance payments made by an insurer to its insured:

"Arguably, the general purpose of ORS 12.155 might best be advanced by reading the phrase 'statute of limitations' to include alternative contractual provisions. If ORS 12.155 refers to insureds it would be anomalous to permit an insurer to relieve itself of notice responsibilities under ORS 12.155 by the simple expedient of contractually reducing the limitation. That argument fails, however, because, as the Court of Appeals held, the terms of ORS 12.155 and the responsibilities imposed by it apply to third party claimants rather than to insureds. ORS 12.155 applies only to advance payments made pursuant to ORS 18.520 and 18.530. If the ORS 12.155 phrase 'each person entitled to recover damages for the death, injury or destruction' is deemed ambiguous for failure to exclude insured persons absolutely, the constructional scales are tipped by reference to the latter two statutes. Their terms, while also not entirely immune from a larger construction, also make more sense if read to refer to claims against the insured. The elaborate constructional analysis in the opinion of Chief Judge Joseph for the Court of Appeals is apt on this point. We find simple reference to the sense of the words of ORS 12.155, 18.520 and 18.530 to be most persuasive. Moreover, the legislature could reasonably conclude that written advice of the applicable statute of limitations is desirable for the protection of a claimant other than the insured, but not as necessary for an insured who has already been given written advice of the contractual limitation in the policy itself. Those considerations reinforce our conclusion that the ORS 12.155 phrase 'statute of limitations' is to be given its plain meaning." 293 Or at 518. (Footnote omitted.)

Subsequently, in *Smith v. Riker,* 88 Or App 579, 746 P2d 247 (1987), *rev den* 305 Or 273 (1988), we held that PIP benefits, which are not paid voluntarily but pursuant to a statutorily imposed contractual duty, are not advance payments subject

to ORS 18.520 and ORS 18.530 and that, therefore, the Statute of Limitations is not tolled under ORS 12.155. 88 Or App at 582.

Here, the policy was purchased by defendant's predecessor. Any jockey injured while riding in a covered race is an "insured" under the policy. Payments by the insurer were made in accordance with the contractual relationship between the insurer and plaintiff as the insured. Defendant's fault or lack of fault for plaintiff's injuries has no effect on the payment of benefits under the policy.

Therefore, on the merits, I would hold that payments made by the insurer to plaintiff were not subject to the provisions of ORS 12.155 and, accordingly, the Statute of Limitations was not suspended. The judgment *n.o.v.* should be affirmed.