Argued and submitted October 29, 1990, affirmed April 10, 1991

# DELMAR CRAWFORD, INC.,
*Respondent,*

*v.*

# RUSSELL OIL COMPANY, INC.,
*Appellant.*

# (CV 88 0187; CA A60088)

808 P2d 1021

Gregory A. Chaimov, Portland, argued the cause for appellant. With him on the brief were Victoria L. Rudometkin and Miller, Nash, Wiener, Hager & Carlsen, Portland.

David S. Shannon, Portland, argued the cause for respondent. With him on the brief were Karen R. Tashima and Shannon and Johnson, P.C., Portland.

Before Warren, Presiding Judge, and Newman and Deits, Judges.

WARREN, P. J.

**WARREN, P. J.**

Defendant appeals from a judgment requiring it to specifically perform a contract to purchase a bulk petroleum plant, service station and other property. We affirm.

Plaintiff owned a bulk oil plant in Hermiston and a service station in Pendleton. Crawford, plaintiff's principal, wanted to sell the business. On November 4, 1987, Crawford met with defendant's principal, Russell, to discuss defendant's interest in buying the company. Russell rejected Crawford's asking price as too high. Russell was concerned about possible contaminants on the property and liability for clean-up costs. On November 12, Russell delivered a written offer to purchase to Crawford. The offer listed, among other things, the bulk plant in Hermiston, including the land, improvements and "Misc. Equipment," and the service station in Pendleton. The offer also included an unexplained phrase, "Indemnification against pollution." The total offer was $151,590, plus a price for inventory to be determined on the date of closing. The offer did not specify any payment terms, nor did it specifically list the equipment to be included in the sale.

Plaintiff accepted the offer on November 16, without its principal ever discussing it with defendant, and defendant immediately took possession and began to operate the business. On December 4, Russell had the property inspected for pollution problems. When he received the report of the contamination inspector, which showed serious pollution problems, he discussed those problems with Crawford, who offered what Russell concluded was inadequate assistance in the clean-up. On December 8, Russell notified Crawford that he was rescinding the agreement, and he returned the keys and inventory to Crawford the next day. Plaintiff has not attempted to sell the property to anyone else.

█ Defendant first asserts that the trial court erred in denying its motion for directed verdict.[1] It contends that the agreement was not definite enough to allow specific enforcement. Specifically, it claims that the agreement is indefinite in its subject matter, because the "Misc. Equipment" is not specified; in its payment terms, because the offer did not specify

---

[1] The case was tried to an advisory jury. The trial court adopted its finding and entered judgment for plaintiff.

terms; and in the "[i]ndemnification against pollution" phrase. Plaintiff asserts that each of those terms is definite and that the contract should be specifically enforced. We review *de novo. Ford v. Blinn,* 50 Or App 515, 519, 623 P2d 1110, *rev den* 290 Or 853 (1981).[2]

■　　　In an action for specific performance, the contract must be definite enough to form the foundation for a specific judgment. *Van v. Fox,* 278 Or 439, 445, 564 P2d 695 (1977).

> "The essential terms of a contract to sell real property are:

> " '(1) the parties; (2) the subject matter; (3) the mutual promises; and (4) the price and consideration and terms of payment if the sale is not for cash.' M. Friedman, Contracts and Conveyances of Real Property 69 (3d ed 1975)." *Shipler Logging v. Ponderosa Inv.,* 45 Or App 325, 329, 608 P2d 211, *rev den* 289 Or 587 (1980).

The law

> " 'leans against * * * the destruction of contracts because of uncertainty; and it will, if feasible, so construe agreements as to carry into effect the reasonable intentions of the parties if that can be ascertained.' " *Van v. Fox, supra,* 278 Or at 445 *(quoting* 11 Williston, *Contracts* 813, § 1424 (3d ed 1968)).

■ ■　　　Defendant first asserts that the contract is unenforceable, because the "Misc. Equipment" is not specifically described in the offer to purchase. Defendant did not move for directed verdict on the ground that the subject matter was indefinite and raised the issue for the first time in its motion for judgment notwithstanding the verdict. The trial court would not have had the authority to enter a judgment notwithstanding the verdict on a basis not raised by a directed verdict motion. *Ailes v. Portland Meadows, Inc.,* 104 Or App 115, 799 P2d 203 (1990), *rev allowed* 311 Or 87 (1991). Because defendant did not timely raise the issue in the trial court, we will not consider it. ORAP 5.45.

■　　　Defendant next argues that the payment terms are too indefinite. "Uncertainty in the terms of payment is held to be a defect in an essential provision and renders a contract unenforceable." *Ford v. Blinn, supra,* 50 Or App at 519. However, terms of payment are only necessary if the sale is other

---

[2] Defendant does not argue that there is an adequate legal remedy that precludes specific enforcement.

than for cash. *See Shipler Logging v. Ponderosa Inv., supra,* 45 Or App at 329. If a contract does not specify payment terms or indicate that term payments are contemplated, it is implied that the sale is for cash. *See Vezaldenos v. Keller,* 254 Cal App 2d 816, 825, 62 Cal Rptr 808 (1967).

■        The offer did not set out payment terms, and the parties did not discuss how payment was to be made. Crawford testified that he intended to be paid cash. Russell testified that he did not know how Crawford wanted to be paid. He knew that Crawford was anxious to sell the business quickly, in part because of financial difficulties. In view of the policy against destruction of contracts because of indefiniteness and in the absence of any indication that payment terms other than cash were discussed, the fair inference is that the sale was to be for cash.

■ ■        Defendant asserts finally that the contract is unenforceable, because the pollution indemnity phrase is indefinite, in that it is susceptible of more than one interpretation. The parties agreed that plaintiff would indemnify defendant for pollution clean up costs; the issue is what the parties intended that agreement to mean. If the intentions of the parties can be ascertained, the court will, if possible, construe an agreement so as to carry out those intentions. *Van v. Fox, supra,* 278 Or at 445. The trial court heard the evidence and was able to ascertain what the parties intended by the phrase. We conclude that the trial court's judgment correctly states the agreement of the parties as to indemnity and that the indemnity phrase is not so indefinite as to render the contract unenforceable.

Defendant's second assignment of error challenges the trial court's admission in evidence of a letter from defendant to plaintiff, which defendant characterizes as an offer to settle. We need not address the assignment, because we review *de novo* and affirm without considering the letter.

Affirmed.