Submitted on remand from the Oregon Supreme Court January 9, 1992, affirmed March 10, reconsideration denied August 18, petition for review pending 1993

Jerald E. AILES,
*Appellant,*

*v.*

PORTLAND MEADOWS, INC.,
an Oregon corporation,
*Respondent.*

(A8704-02489; CA A60011)

848 P2d 138

George B. Altenberg, Jr., Santa Rosa, California, and Mark E. Griffin and Griffin & McCandlish, Portland, for appellant.

John R. Faust, Jr., and Schwabe, Williamson & Wyatt, Portland, for respondent.

Before Riggs, Presiding Judge, and Edmonds and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

This appeal is before us on remand from the Supreme Court. 312 Or 376, 823 P2d 956 (1991). Plaintiff, a professional jockey, brought this negligence action after he was injured while riding at defendant's racetrack. The jury returned a verdict in his favor but, before judgment was entered, defendant filed a motion for judgment *n.o.v.*, arguing that the action was barred by the Statute of Limitations. ORS 12.110(1). Defendant's motion to dismiss on that ground had been denied before trial. Defendant had pled the Statute of Limitations as an affirmative defense but did not raise the defense as a ground for a directed verdict.

The trial court granted defendant's post-trial motion, and plaintiff appealed. In his opening brief, plaintiff's only assignment was that the court erred in granting judgment "on the ground that plaintiff had not timely commenced [the] action." However, in his reply brief, plaintiff asserted for the first time that, by failing to raise the Statute of Limitations as a basis for its motion for directed verdict, defendant had "waived" its right to move for judgment *n.o.v.* on that ground.

We agreed. Relying on *Stark v. Henneman*, 250 Or 34, 36, 440 P2d 364 (1968), we reasoned that the issue asserted in the reply brief raised a question concerning the trial court's authority to act, because a motion for a directed verdict is a condition precedent to the rendering of a judgment *n.o.v.*, ORCP 63A; 104 Or App 115, 118, 799 P2d 203 (1990). We concluded, therefore, that we had to address that issue, despite plaintiff's failure to preserve it or to raise it properly on appeal. We held that the trial court had erred in entering the judgment *n.o.v.* because defendant had not raised the Statute of Limitations defense in his motion for a directed verdict. Plaintiff petitioned for review in the Supreme Court. The court did not review our holding on the merits. It said:

"On review, we have no occasion to agree or disagree with the Court of Appeals' holding on the merits, that the trial court erred in granting a motion for judgment *n.o.v.* on a ground not previously asserted in a motion for a directed verdict at the close of all the evidence. The dispositive issue before this court is whether the Court of Appeals properly

considered whether it should reach the perceived error." 312 Or at 380.

The court disagreed with our rationale that we were compelled to address the error, although it had not been preserved. It said that, although the trial court may have exceeded its procedural authority by rendering a judgment *n.o.v.* on a ground not raised in the motion for directed verdict, that action, although error and therefore voidable on appeal if properly raised, was not void. 312 Or at 383. The court said:

> "[W]e hold that the Court of Appeals erred in one other respect, *viz.* the court's apparent view that it was compelled to exercise its discretion to review the alleged error in this case. *See Ailes v. Portland Meadows, Inc., supra,* 104 Or App at 118. In considering plaintiff's 'waiver' argument, the Court of Appeals relied on this court's decision in *Stark v. Henneman,* [*supra*]. *Stark* held that a motion for directed verdict is a 'condition precedent to the exercise of the court's power to render a judgment *n.o.v.*' Although the Court of Appeals' reading of *Stark* as a mandate to reach errors of the sort involved here, is plausible, we now reject such an interpretation of *Stark's* holding. The Court of Appeals treated the trial court's error much as it might have treated lack of subject matter jurisdiction, which may be raised at any time, although the Court of Appeals expressly recognized that in this case the issue was not a jurisdictional concern. *Ailes v. Portland Meadows, Inc., supra,* 104 Or App at 118.[7]

> "Whatever the Court of Appeal's [*sic*] motivation in reaching the alleged error here, we disagree that it was *compelled* to do so. To be sure, procedural limits on a trial court's authority to act are important. If a trial court takes an action that exceeds its authority, that action may be voidable; and if a party that is affected adversely by such an action properly objects in the trial court and properly raises the issue on appeal, the appellate court may nullify it. However, where the trial court exceeds its procedural 'authority' to act, such action is not void.

---

"[7] In *Barr v. Linnton Ass'n,* 223 Or 541, 542-43, 352 P2d 596, 355 P2d 256 (1960), this court implicitly held that such an error is not jurisdictional. In *Barr,* the defendant did not move for a directed verdict. However, the trial court granted defendant's motion for judgment *n.o.v.* On appeal, this court

noted the error but would not consider it *sua sponte*, because the plaintiff had not complained of the error at trial or on appeal. Had the error been jurisdictional, this court would have had an independent duty to consider it despite lack of proper preservation. *Robertson v. Henderson*, 181 Or 200, 205, 179 P2d 742 (1947)." 312 Or at 383. (Emphasis in original.)

Accordingly, the court remanded the case for us to decide, with that understanding of the law, whether we should have reached the "perceived error."

■     Under *State v. Brown*, 310 Or 347, 800 P2d 259 (1990), the Supreme Court's opinion in this case and ORAP 5.45, an error that has not been properly preserved or raised on appeal may nonetheless be considered by the appellate court in its discretion if the error is one of law that is apparent on the face of the record. An error is apparent if it is one that is obvious, not reasonably in dispute. 312 Or at 376. Here, the claimed error is that the court entered a judgment *n.o.v.* on an issue that had not been preserved by a motion for directed verdict. The second paragraph of the language that we have quoted from the Supreme Court's opinion can be read to suggest that it is an open question whether the trial court's act in granting judgment *n.o.v.* was error. That determination would be determinative here, because it would require the conclusion that the claimed error is not apparent on the face of the record, as it presents a question reasonably in dispute. However, in view of the Supreme Court's express statement that it was giving no opinion as to the merits of our decision and its remand to us to decide whether the claimed error is apparent on the face of the record, we conclude that it must not have intended to decide that question for us.

■     We conclude that there is little dispute that a judgment *n.o.v.* may be granted only "when a motion for a directed verdict which should have been granted has been refused and a verdict is rendered against the applicant." ORCP 63; *Stark v. Henneman, supra*, 250 Or at 36; *Barr v. Linnton Plywood Ass'n, supra*. Additionally, we conclude that the error is apparent on the face of the record, because we need not go outside the record to determine that the court erred by considering the Statute of Limitations as a basis for

granting the judgment *n.o.v.*, when it had not been raised by a motion for directed verdict.

■     Nonetheless, in the exercise of our discretion, we decline to consider the unpreserved error. The issue of whether the Statute of Limitations had run, or was tolled under ORS 12.155, was raised and litigated by the parties in a motion to dismiss at the very outset of the case. From the very beginning, plaintiff knew the issue was in the case and could be raised again at different stages of the case, including post-trial motions. Plaintiff was not in any way taken by surprise or blind sided by defendant's post-trial motion raising the Statute of Limitations. The "ends of justice" in this case are not thwarted by our exercise of discretion not to consider the error. *Ailes v. Portland Meadows, Inc., supra; State v. Brown, supra.* We turn to the merits.

■■     The argument on defendant's motion for judgment *n.o.v.* focused on whether *Dotson v. Smith*, 307 Or 132, 764 P2d 540 (1988), applied. 104 Or App at 122. In *Dotson*, the Supreme Court held that the tolling provisions of ORS 12.155[1] did not apply where an action had been filed within the Statute of Limitations. *Dotson* was decided after the trial in this case had started, and the judgment specifically recites that defendant's motion for judgment *n.o.v.* "was granted for the reason that the plaintiff's claims were barred by the statute of limitations in accordance with *Dotson v. Smith*, [*supra*]." Defendant now argues that *Dotson* is not dispositive, because, in any event, the insurance policy here was not

---

[1] ORS 12.155 provides:

"(1) If the person who makes an advance payment referred to in ORS 18.520 or 18.530 gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. The notice required by this subsection shall be in such form as the Director of the Department of Insurance and Finance prescribes.

"(2) If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."

one to which ORS 12.155 applies. Plaintiff contends that defendant failed to preserve that argument.

The record shows that the argument that the policy was not one to which the tolling provisions of ORS 12.155 apply was before the trial court; it was included in defendant's pre-trial motion to dismiss.[2] In the motion for judgment *n.o.v.*, defendant asserted that the trial court had erred as a matter of law in denying its "motion to dismiss based on the Statute of Limitations."

Both the judge who heard the pre-trial motion and the trial judge held that the policy came within the statute. For the reasons expressed in the dissent in our original opinion, *Ailes v. Portland Meadows, Inc., supra,* 104 Or App at 119, that was error. We adopt the discussion regarding that issue in that dissent as the opinion of the court. The Statute of Limitations was not tolled, and plaintiff's action is barred.

Affirmed.

---

[2] One of defendant's arguments was that the payments that plaintiff received were not "advance payments" that would toll the statute under ORS 12.155.