Argued and submitted December 30, 1991, reversed in part and remanded; otherwise
affirmed April 8, reconsideration allowed by opinion November 25, 1992

## Barbara PARMENTER,
*Appellant,*

*v.*

## James PARMENTER,
*Respondent.*

### (16-88-10370; CA A66489)

828 P2d 1050

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Terence J. Hammons, Eugene, argued the cause for respondent. With him on the brief was Hammons, Mills & Spickerman, Eugene.

Before Buttler, Presiding Judge, and Richardson and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff appeals a circuit court judgment confirming an arbitrator's award after the dissolution of a partnership.

The facts relating to the issues on appeal are largely undisputed. Plaintiff and defendant were partners in the management and development of various parcels of real property. The partnership dissolved in November, 1987, and was deemed to be wound up as of December, 1989. Plaintiff filed an action in circuit court for distribution of the assets and, pursuant to the partnership agreement, the matter was referred to an arbitrator.

In his amended award, the arbitrator found the fair market value of all of the properties, determined the encumbrances against them and calculated the partnership's equity in each. For the property known as Royal Ridge, he arrived at a value of $259,500, offset by encumbrances of $31,727, for an equity of $227,773. He then adjusted the value of that property to deduct the value of 7 lots that had been sold since the dissolution but before the winding up of the partnership. He did not make a corresponding adjustment for any reduction in encumbrances that might have related to the lots that were sold.

The award directed the partnership to pay accounting fees of $6,917 to Jones & Roth and appraisal fees of $1,662. After dividing the properties between the parties, the arbitrator equalized the award by awarding defendant

"the sum of $118,578, and 35% of the Parmenter Rentals bank account as of December 31, 1989, the amount to be determined by inspection of the account's bank statement, after payment to Jones & Roth and payment of the balance of the appraisal fees, as mentioned above. If there is insufficient cash in the VE account or the Parmenter Rentals bank account, or both, to satisfy the monetary award of $118,578 and 35% of the Parmenter Rentals Bank Account to Defendant, Defendant shall be granted judgment in those amounts against Plaintiff."

Plaintiff filed exceptions to the award in circuit court pursuant to ORS 36.355(1), challenging, among other things, the valuation of Royal Ridge. The trial court denied each exception and confirmed the arbitrator's award. The judgment

directed plaintiff to pay the accounting and appraisal fees and awarded a money judgment in favor of defendant for $118,578, with 9 percent interest from December 31, 1989.

■ Judicial review of an arbitrator's award is limited to the circumstances described in ORS 36.355(1), which provides, in part:

> "Within the period specified in ORS 36.350, the party against whom an award was made may file with the circuit court exceptions in writing to the award for any of the following causes:
>
> "* * * * *
>
> "(e) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award."[1]

In her first assignment of error, plaintiff contends that the arbitrator's failure to make a reduction in encumbrances associated with the sale of the 7 Royal Ridge lots in calculating the partnership's equity in Royal Ridge is an "evident material miscalculation of figures" that may be reviewed under ORS 36.355(1). Even assuming that there may be cases in which the failure to deduct the encumbrances could be a "miscalculation" as that term is used in the statute, it is not one that is apparent here. The record does not show that such an adjustment is, in fact, appropriate, what the adjustment might be or even how it should be calculated. Accordingly, we reject the first contention.

■ In her second assignment, plaintiff contends that the trial court erred in entering a judgment that does not accurately conform to the arbitrator's award. Specifically, she contends that the court erred in ordering her to pay accounting and appraisal fees, when the arbitrator had ordered those

---

[1] We review the trial court's judgment pursuant to ORS 36.365:

"Whenever no objection is made to the entering of judgment after award, judgment shall be entered according to the award and shall have the force and effect of a judgment obtained in the circuit court after default. Whenever any judgment is entered after objection on the part of any party by the order of such court, such judgment shall be subject to appeal to the higher courts in the manner provided by law for taking appeals to such courts. The right to except to or review an award or to appeal from a judgment thereon shall not be circumscribed or abridged by any contractual provisions; nor shall any burden or penalty, other than such as are provided by law, be imposed by anyone against any party who excepts or appeals."

amounts to be paid by the partnership. Additionally, plaintiff contends that the court erred in ordering that judgment of $118,578 be entered for defendant, when the arbitrator had ordered that that amount be paid to defendant first out of certain partnership accounts.

The record shows that, after the circuit court ruled against plaintiff, defendant mailed a copy of the judgment to plaintiff's counsel for approval. When counsel did not respond, defendant submitted the judgment to the court with a letter explaining that there had been no response from plaintiff. An attorney from the same office as plaintiff's attorney then wrote to the court stating that plaintiff's attorney would "submit any objections he may have" by the next day. Plaintiff's attorney then filed a motion to set aside the judgment. The objection that he raised in the motion related only to the legal description of one property; he did not mention the matters that form the basis for plaintiff's contentions on appeal. Defendant agreed to the requested change, and both parties signed a stipulated modification of the judgment.

Defendant contends that, by stipulating to the form of the judgment, plaintiff led the court to commit the alleged error and that, by failing to raise any objections to the form of the judgment, plaintiff cannot be heard to complain on appeal. *See Micek v. LeMaster,* 71 Or App 361, 365, 692 P2d 652, *rev den* 298 Or 773 (1985). The stipulation related only to the accuracy of a property description, not to the matters now complained of. Moreover, the parties could not give the court authority that it otherwise lacked. 71 Or App at 365. After having confirmed the award, the court's authority was limited to entering judgment "according to the award." ORS 36.365. It did not have authority to enter a judgment at variance with it. Accordingly, we remand the case for entry of a judgment in accordance with the award.

Reversed in part and remanded for entry of judgment in accordance with arbitration award; otherwise affirmed.