Barbara PARMENTER,
*Appellant,*

*v.*

James PARMENTER,
*Respondent.*

(16-88-10370; CA A66489)

841 P2d 4

Terence J. Hammons, Eugene, for petition.

Before Buttler, Presiding Judge, and Richardson and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant petitions for review of our opinion reversing the trial court in part and remanding for entry of a judgment in accordance with a previously entered arbitration award. 112 Or App 278, 828 P2d 1050 (1992). We treat the petition as one for reconsideration, ORAP 9.15, allow it and modify our opinion.

We restate and supplement only the facts pertinent to this petition. The arbitrator's final award directed the partnership to pay accounting and appraisal fees and required payment to defendant of "the sum of $118,578, and 35% of the Parmenter Rentals bank account as of December 31, 1989, the amount to be determined by inspection of the account's bank statement." The award specifically contemplated that the monetary award would be payable first out of partnership assets and, if those were insufficient, by plaintiff. The dollar amount of the final judgment was to be determined by inspection of bank records. Defendant took a records deposition of the bank at which the account was located. Presumably, the trial court inspected those records, concluded that there were no partnership assets from which the award could be paid and entered a monetary judgment for defendant accordingly.

In our opinion, we held that, pursuant to ORS 36.365, the trial court was without authority to enter a judgment that was at variance with the award and that the court erred in ordering that plaintiff pay the monetary judgment and accounting and appraisal fees. Although the court's authority was limited to entering a judgment "according to the award," the court did not exceed that authority in awarding a monetary judgment for defendant. Rather, it presumably considered the bank records that the award specifically contemplated would be considered and, after doing so, entered judgment "according to the award."

We adhere to our decision that the trial court did not have authority to enter a judgment requiring plaintiff to pay accounting and appraisal fees.

Reconsideration allowed; opinion modified and adhered to as modified.