Argued and submitted January 18, affirmed June 21, defendants' motion for reconsideration filed July 3 allowed by opinion September 6, 1995
See 136 Or App 492, 902 P2d 602 (1995)

Sharon D. PEERY,
*Respondent,*

*v.*

Patrick HANLEY, M.D.;
PATRICK HANLEY, M.D., P.C.,
an Oregon professional corporation; and
North Pacific Orthopaedic Associates, Inc.,
a dissolved Oregon corporation,
*Appellants.*

(9111-07301; CA A79358)

897 P2d 1189

Ridgway K. Foley, Jr., argued the cause for appellants. With him on the briefs was Foley & Duncan, P.C.

Barbee B. Lyon argued the cause for respondent. With him on the brief were Peter H. Koehler, Jr., and Tonkon, Torp, Galen, Marmaduke & Booth.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

In this action to recover for intentional infliction of emotional distress and sexual harassment, defendant[1] appeals from a judgment incorporating a jury verdict that awarded plaintiff $20,000 in noneconomic damages and $120,000 in punitive damages. We address only the issues of whether plaintiff was required to offer medical testimony to establish a causal connection between defendant's actions and plaintiff's symptoms, and whether the jury's punitive damages award must be set aside on the ground that it impermissibly punishes free expression. We affirm.

Defendant is an orthopedic surgeon who, during the period of time relevant to this action, practiced in a clinic with several other orthopedists. Plaintiff was employed as the clinic's manager. After plaintiff left her job at the clinic, she filed this action against defendant, alleging sex discrimination, intentional infliction of emotional distress (IIED), battery and wrongful discharge.

At trial, plaintiff presented evidence that defendant had regularly grabbed her about the waist and poked her in the ribs; had visited her in the hospital late at night and stood over her bed after her bilateral mastectomy and reconstructive breast surgery, despite the fact that she had asked him not to visit her; threw a patient's x-ray on her desk after the reconstructive surgery and asked her if she looked the same as the patient, who had undergone a similar surgery with implants; kissed her on the mouth on two separate occasions, without her consent; told her that she was experiencing shoulder discomfort because she had "had [her] breasts made too large"; yelled at her; blamed her for things she had not done; cursed at her using obscene and hostile language and threatened "to make life miserable for [her]" if she complained about him. Plaintiff testified that, as a result of defendant's conduct, she experienced symptoms of emotional distress that included panic attacks, heart palpitations, sleeplessness, nightmares, flashbacks, loss of self-confidence, tension headaches and depression, for which she received therapy. The jury found that defendant had sexually

---

[1] The term "defendant," as used in this opinion, refers to Patrick Hanley, M.D., Patrick Hanley, M.D., P.C., and North Pacific Orthopaedic Associates, Inc.

harassed plaintiff and had intentionally inflicted emotional distress. However, it found that defendant had *not* subjected plaintiff to battery and had not wrongfully discharged her from her job as clinic manager.

■        Defendant assigns error to the trial court's denial of his motion to dismiss, which was made at the end of plaintiff's case-in-chief and was based on plaintiff's failure to offer medical testimony to establish that defendant had caused her emotional distress. Although defendant argues on appeal that plaintiff "must prove [causation] by expert medical evidence," he cites no cases and we have found none in which an Oregon appellate court has held that a plaintiff can establish the causation element of an IIED claim only through expert testimony. Furthermore, our standard of review requires reversal of the trial court's denial of defendant's motion to dismiss only if, upon consideration of the whole record, we determine that there was no evidence regarding causation. *See Scholes v. Sipco Services & Marine, Inc.*, 103 Or App 503, 506, 798 P2d 694 (1990) (When we review the denial of a motion to dismiss after trial, "we consider the whole record, including evidence introduced by the defendant, to determine whether the plaintiff presented a *prima facie* case."). Here, plaintiff's testimony, if believed, established a direct causal relationship between defendant's conduct and her symptoms. The trial court did not err in denying defendant's motion. *See Rockhill v. Pollard*, 259 Or 54, 63-64, 485 P2d 28 (1971).

■        Defendant also assigns error to the trial court's denial of his motion for "post-Judgment relief from the unconstitutional award of punitive damages." He contends that, because the jury found no battery, its verdict "means that [defendant] did not kiss or touch" plaintiff and that "all of Plaintiff's allegations of *physical* misbehavior were decided by the jury *in Defendant's favor*." (Emphasis in original.) According to defendant, "it is illegal to award punitive damages for verbal communication or expressive conduct under Article I, sections 8 and 10 of the Oregon Constitution," and the jury verdict on battery leaves "only allegations of communication and expression as the possible basis of the punitive damages award" for IIED. Plaintiff responds that the verdict for punitive damages did not rest purely on speech and

expressive conduct, "given the evidence of defendant's physical handling of plaintiff's body." She contends that the jury instructions permitted the jury to return a verdict for plaintiff on the IIED claim even though it found for defendant on the battery claim.

The jury was instructed as follows on the battery claim:

> "To recover for battery, plaintiff must prove the following elements by a preponderance of the evidence: One, [defendant] contacted plaintiff's body in an offensive insulting or harmful manner; two, *[defendant] intended to make an offensive insulting or harmful contact*; and three, plaintiff did not consent to the contact." (Emphasis supplied.)

It was instructed as follows on the IIED claim:

> "One, defendant knew that his conduct would cause severe mental or emotional distress, *or acted despite a high degree of probability that the mental or emotional distress would result;* two, the defendants' conduct consisted of some extraordinary transgression of the bounds of socially tolerable conduct or exceeded any reasonable limit of social toleration." (Emphasis supplied.)

According to the jury instructions, a viable claim of battery required plaintiff to prove that defendant intended to make harmful or offensive physical contact with her. By contrast, the IIED instruction required either that defendant knew that his conduct would cause severe mental or emotional distress *or* that he acted despite a high degree of probability that plaintiff's mental or emotional distress would result. Defendant did not object to the instruction regarding the intent elements of either claim.[2] In the light of these jury instructions, we cannot conclude that the jury's finding of no battery means that plaintiff's allegations of physical misconduct were decided by the jury in defendant's favor. The

---

[2] Defendant excepted to the battery instruction, requesting that it include the following language:

> "Consent is assumed to all those ordinary contacts which are customarily and reasonably necessary to the common intercourse of life, such as a tap on the shoulder to attract attention, a friendly grasp on the arm or a casual jostling to make a passage."

On appeal, he does not assign error to the trial court's refusal to include that language.

verdict of no battery could just as likely have been the result of a finding that defendant had acted, but without the requisite level of intent.

Moreover, the jury was specifically instructed that it could not award punitive damages "for purely verbal expression or for nonverbal conduct that has a solely communicative purpose." Plaintiff presented evidence of conduct that would support a punitive damages award. Under these circumstances, we are provided with no rationale for overturning the punitive damages award on appeal. *See also Huffman and Wright Logging Co. v. Wade*, 317 Or 445, 452, 857 P2d 101 (1993) (the fact that speech accompanies punishable conduct does not transform the conduct into "expression," under Article I, section 8, of the Oregon Constitution); *Lewis v. Oregon Beauty Supply Co.*, 302 Or 616, 629, 733 P2d 430 (1987) (punitive damages award upheld where the defendant did not ask that the jury's consideration be limited to nonexpressive conduct).

Defendant's other assignments of error relate to the trial court's exclusion of defendant's expert and its denial of defendant's motion for mistrial. Having examined the record under the applicable standards of review, we find no error in those rulings.

Affirmed.