On defendants' motion for reconsideration filed July 3, reconsideration allowed;
opinion (135 Or App 162, 897 P2d 489) adhered to September 6, 1995

Sharon D. PEERY,
*Respondent,*

*v.*

Patrick HANLEY, M.D.;
Patrick Hanley, M.D., P.C.,
an Oregon professional corporation; and
North Pacific Orthopaedic Associates, Inc.,
a dissolved Oregon corporation,
*Appellants.*

(9111-07301; CA A79358)

902 P2d 602

Ridgway K. Foley, Jr., and Foley & Duncan, P.C., for motion. Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Defendant Hanley seeks reconsideration of our opinion in *Peery v. Hanley*, 135 Or App 162, 897 P2d 1189 (1995). He takes issue with the following sentence: "The jury found that defendant had sexually harassed plaintiff and had intentionally inflicted emotional distress." *Id.* at 164-65. Defendant acknowledges that that sentence is correct, but contends that it "creates an inaccurate impression." He points out that although the jury found for plaintiff on her sexual harassment claim, the trial court entered a judgment notwithstanding the verdict on that claim, ORCP 63, on the ground that there was insufficient evidence to prove a causal connection between plaintiff's resistance to the alleged harassment and the termination of her employment by defendant. In his motion for reconsideration, defendant argues that plaintiff's claim for intentional infliction of emotional distress (IIED) was based on her sexual harassment claim and that, because plaintiff did not ultimately prevail on her sexual harassment claim, she should not have been allowed to prevail on the IIED claim.

The issues that defendant raised on appeal related to whether there was evidence of causation, whether defendant's conduct transgressed the limits of socially tolerable conduct, whether there was evidence that plaintiff's emotional distress was severe, whether the jury's finding of "no battery" eviscerated all but the communicative aspects of plaintiff's IIED claim, and whether the punitive damages award was therefore, unconstitutional. In his opening and reply briefs, defendant did not argue that the judgment *n.o.v.* harassment claim required the trial court to enter a judgment *n.o.v.* or direct a verdict for defendant on plaintiff's IIED claim. Defendant did express that view to this court during oral argument, but the record shows that he did not express it to the trial court. If defendant's theory was that the judgment *n.o.v.* ruling "devastated" plaintiff's IIED claim because her pleading on that claim used the words "sexual harassment" and the two claims were based on identical factual allegations, that theory should have been advanced at trial, not for the first time on appeal. *See Ailes v. Portland Meadows, Inc.*, 118 Or App 517, 522-23, 848 P2d 138, *rev den* 318 Or 24 (1993).

Reconsideration allowed; opinion adhered to.