Argued and submitted July 13, affirmed September 21, 1982

## BEN RYBKE COMPANY,
*Petitioner on Review,*

*v.*

## ROYAL GLOBE INSURANCE
COMPANY et al,
*Respondents on Review,*

(CA 18688, SC 28515)

651 P2d 138

Janice M. Stewart of McEwen, Newman, Hanna & Gisvold, Portland, argued the cause for petitioner on review and filed the petition and briefs.

I. Franklin Hunsaker of Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland, argued the cause for respondent on review The St. Paul Fire and Marine Insurance Company. With them on the response and brief were Mary T. Danford, Douglas G. Houser and Deborah S. MacMillan, Portland.

Randall B. Kester of Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland, argued the cause for respondent on review The Royal Globe Insurance Company, and filed the response and brief.

Before Linde, Presiding Justice, Campbell and Tanzer, JJ., and Carson, J. pro tempore.

TANZER, J.

## TANZER, J.

This is an action upon an insurance policy. Plaintiff-insured seeks to recover insurance for fire losses from two insurers, Royal Globe Insurance Company and St. Paul Fire and Marine Insurance Company. Defendants asserted that the action is barred by the one-year limitation period of ORS 743.660. Plaintiff asserted that the period of limitation was tolled by ORS 12.155. It also asserted an estoppel against the insurers' reliance on the limitation period. The trial court concluded that the limitation applied, found that the estoppel had not been established, and gave judgment for defendants. The Court of Appeals, in banc, affirmed over the dissent of four of its members. That court divided over whether ORS 12.155 applied only to third party claims or applied equally to claims by insureds. We accepted review to determine the scope of application of ORS 12.155. We affirm the Court of Appeals, but upon a different rationale.

We summarize the statement of the case made by the Court of Appeals. On February 7, 1977, plaintiff's place of business was damaged by fire. Immediately after the fire and on plaintiff's demand, St. Paul made a $7,500 advance payment[1] to plaintiff and Royal Globe made an advance payment of the same amount in March, 1977. Extensive correspondence, claims and deliberation among adjusters, agents and attorneys for the parties took place concerning the amounts of defendants' liabilities and, in September and December of 1977, the insurers transmitted payments to plaintiff's attorney which the insurers asserted constituted full payment of all sums owed plaintiff for its losses. The deliberations between the parties continued almost until plaintiff filed this action on the insurance contract on June 5, 1978, more than one year after the fire.

## SCOPE OF ORS 12.155

ORS 12.155 provides:

"(1) If the person who makes an advance payment referred to in ORS 18.520 or 18.530 gives to each person

---

[1] ORS 18.500. "As used in ORS 12.155 and 18.500 to 18.530, 'advance payment' means compensation for the injury or death of a person or the injury or destruction of property prior to the determination of legal liability therefor."

entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. The notice required by this subsection shall be in such form as the Insurance Commissioner prescribes.

"(2) If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."

In *Duncan v. Dubin,* 276 Or 631, 556 P2d 105 (1976), we examined the legislative history of ORS 12.155 (which we need not duplicate here) and stated the "two-fold purpose" of the statute:

"* * * One was to allow an insurer to make advance payments without admitting liability for a claim and to encourage such payments by eliminating any apprehension on the part of the insurer that evidence of advance payments could be admissible in court to prove liability. The other objective, which is clearly discernible, was to protect an injured party from being misled into believing that a limitation period upon his claim is no longer applicable because the insurer is liable for the claim. * * *" *Id.* at 636.

The issue in that case was whether ORS 12.155 applied to the statute of limitations for personal injuries as well as to the contract statute of limitations. We held it did:

"* * * Had the legislature anticipated this problem, we believe it would have required that notice of both periods of limitation be given under the circumstances here presented. A contrary holding would be at odds with the legislative intent that advance payment not mislead an injured party into believing that he need not diligently press his claim." *Id.* at 638.

The applicable statute of limitations in this case is ORS 12.080(1), which provides:

"An action upon a contract or liability, express or implied, excepting those mentioned in ORS 12.070 and 12.110 and except as otherwise provided in ORS 72.7250;

"* * * * *

shall be commenced within six years."

Obviously, this lawsuit having been filed within six years, it is not barred by the applicable statute of limitations.

■ The motions, arguments and orders in this case have referred not to ORS 12.080, but to ORS 743.660, which provides:

"A fire insurance policy shall contain a provision as follows: 'No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss.'"

This statute is not a statute of limitations. It is one of a series of sections in the insurance code which require that various specific provisions be contained in fire insurance policies, *see* ORS 743.609 to 743.663.

Plaintiff assumes in its argument that the phrase "statute of limitations" in ORS 12.155 includes ORS 743.660 because the effect of the latter statute is the same as a statute of limitations. It argues that the statutory requirement that insurance policies allow a year in which to file lawsuits has the same practical effect as a statute which itself provides a limitation. The assumption, though mistaken, has a reasonable basis. In two previous cases, this court has applied qualifications found in ORS chapter 12 to the limitation now found in ORS 743.660. In *Bell et al v. Quaker City F. & M. Ins. Co.,* 230 Or 615, 370 P2d 219 (1962), we considered the application to ORS 743.660 of ORS 12.020 which governs whether "an action is deemed commenced within *the time limited* " and ORS 12.030 which extends the time for service. (Our emphasis.) We held them to apply because ORS 743.660 was "in effect" an amendment of the statute of limitations rather than part of a separate statutory code establishing new rights and remedies with its own limitations. 230 Or at 619-620. In *Hatley v. Truck Insurance Exchange,* 261 Or 606, 611, 494 P2d 426, 495 P2d 1196 (1972), this court later considered ORS

12.220, which allows additional time for refiling an action if it was "commenced *within the time prescribed therefor"* and dismissed or reversed on appeal after *"the time for bringing a new action."* (Our emphasis.) We held that ORS 12.220 applied to extend the one-year policy time limit required by ORS 743,660, citing *Bell.* The general wording of ORS 12.020, 12.030 and 12.220 made those holdings possible.

Unlike the statutes considered in those cases, the wording of ORS 12.155 is specific. Subsection (1) refers to "the period of limitation for the commencement of an action for damages set by *the applicable statute of limitations."*Subsection (2) refers to notice regarding "the period of limitation for the commencement of an action for damages set by *the applicable statute of limitations"* and then excludes time from "the period limited for commencement of the action by *the statute of limitations."* (Our emphasis.) The plain words of ORS 12.155 do not allow an expansive reading such as that previously accorded to ORS 12.020, 12.030 and 12.220.

ORS 743.660 is not a statute of limitations. It requires a particular contractual arrangement between the parties to insurance policies. It applies to those parties by operation of contract, whereas a statute of limitations applies to all plaintiffs by operation of statute.

■ Also, unlike statutes of limitations, the effect and apparent purpose of ORS 743.660 is not to set a maximum time in which a lawsuit may be filed. Rather, it is to establish a contractual limitation of one year which cannot be reduced further by contract.[2] The effect of ORS 743.660 is not to displace the statute of limitations, but only to take from insurers the power to contractually impose a shorter limitation of less than 12 months.

■ Arguably, the general purpose of ORS 12.155 might best be advanced by reading the phrase "statute of

[2] Perhaps a policy may provide for a period greater than one year inasmuch as ORS 743.607 provides that insurance policies must provide at least the protection required by ORS 743.609 to 743.663. If that construction were correct, the statute of limitations, ORS 12.080(1), would apply unless a shorter limitation were provided in the policy and asserted. We need not decide this point, however, because the policy in this case contains a 12-month provision per ORS 743.660.

limitations" to include alternative contractual provisions. If ORS 12.155 refers to insureds it would be anomalous to permit an insurer to relieve itself of notice responsibilities under ORS 12.155 by the simple expedient of contractually reducing the limitation. That argument fails, however, because, as the Court of Appeals held, the terms of ORS 12.155 and the responsibilities imposed by it apply to third party claimants rather than to insureds. ORS 12.155 applies only to advance payments made pursuant to ORS 18.520 and 18.530. If the ORS 12.155 phrase "each person entitled to recover damages for the death, injury or destruction" is deemed ambiguous for failure to exclude insured persons absolutely, the constructional scales are tipped by reference to the latter two statutes.[3] Their terms, while also not entirely immune from a larger construction, also make more sense if read to refer to claims against the insured. The elaborate constructional analysis in the opinion of Chief Judge Joseph for the Court of Appeals is apt on this point. We find simple reference to the sense of the words of ORS 12.155, 18.520 and 18.530 to be most persuasive. Moreover, the legislature could reasonably conclude that written advice of the applicable statute of limitations is desirable for the protection of a claimant other than the insured, but not as necessary for an insured who has already been given written advice of the contractual limitation in the policy itself. Those considerations reinforce our conclusion that the ORS 12.155 phrase "statute of limitations" is to be given its plain meaning.

---

[3]    ORS 18.520. "(1) Advance payment made for damages arising from the death or injury of a person is not an admission of liability for the death or injury by the person making the payment unless the parties to the payment agree to the contrary in writing.

"(2) For the purpose of subsection (1) of this section, advance payment is made when payment is made with or to:

(a) The injured person;

(b) A person acting on behalf of the injured person with the consent of the injured person; or

(c) Any other person entitled to recover damages on account of the injury or death of the injured or deceased person."

ORS 18.530. "Any advance payment made for damages arising from injury or destruction of property is not an admission of liability for the injury or destruction by the person making the payment unless the parties to the payment agree to the contrary in writing."

For all these reasons, we conclude that ORS 743.660 is not a statute of limitations within the meaning of ORS 12.155. This examination leads to the conclusion that plaintiff's claims were not barred by the appropriate statute of limitations, ORS 12.080(1), but that they were barred by operation of the one-year limitation in the contract, the operation of which was not suspended by ORS 12.155.[4]

■    Finally, we consider plaintiff's contention that the Court of Appeals erred in refusing to review de novo the trial court's finding that estoppel had not been proved. ORS 19.125(3) provides:

> "Upon an appeal from a decree in a suit in equity, the · Court of Appeals shall try the cause anew upon the record."[5]

■    This is an action at law for the payment of money allegedly owing under a policy of insurance. The tender of an equitable defense does not convert the action at law into a suit in equity. Nor does it convert the judgment appealed from into a decree. Thus, ORS 19.125(1) does not apply to this proceeding and the Court of Appeals correctly declined to try the case de novo on the record pursuant to that statute. *See, Holman Transfer Co. v. PNB Telephone Co.,* 287 Or 387, 599 P2d 1115 (1979).

Affirmed.

---

[4] The pleadings, memoranda, arguments and orders in the trial and appeal of this case have been in terms of "the applicable statute of limitations." Technically, only a defense based on ORS 12.080(1) has been pleaded and the contractual limitation has not been pleaded. Actually, however, throughout the proceedings the references were treated by all parties and the court as meaning ORS 743.660 and, implicitly, the policy provision required by that statute. As far as we can tell, the case was tried in all respects as if the answers and motions had set up as a defense the one-year policy provisions pursuant to ORS 743.660 rather than the statute itself and we can see no difference which would have occurred had ORS 743.660 and the policy provision been expressly pleaded. Hence, we disregard the pleading variance and decide the substantive issues as they were actually posed throughout the proceedings.

[5] This section is unchanged despite the intervening abolition of procedural distinctions in the forms of action or suit in law and equity. ORCP 2, effective after the notice of appeal in this case, provides:

> "There shall be one form of action known as a civil action. All procedural distinctions between actions at law and suits in equity are hereby abolished, except for those distinctions specifically provided for by these rules, by statute, or by the Constitution of this state."