Argued and submitted September 8, 2014, reversed and remanded
February 3, 2016

BANK OF AMERICA, NA,
Successor to BAC Home Loans Servicing LP,
fka Countrywide Home Loans Servicing,
on behalf of GSAA Home Equity Trust 2206-9,
*Plaintiff-Respondent,*

*v.*

Sylvester F. WILSON, Sr.,
and Sylvia Wilson,
*Defendants-Appellants.*

Marion County Circuit Court
12C16794; A152543

366 P3d 1193

Harry D. Ainsworth argued the cause and filed the brief for appellants.

No appearance for respondent Bank of America, NA.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Edmonds, Senior Judge.

DUNCAN, P. J.

**DUNCAN, P. J.**

In this forcible entry and detainer (FED) action, defendants Sylvester Wilson and Sylvia Wilson appeal a judgment that awarded possession of the premises to plaintiff Bank of America, NA, which had purchased the premises at a trustee's sale. Plaintiff commenced this action 28 days after providing defendants with notice to surrender possession of the premises. On appeal, defendants argue that plaintiff was not entitled to possession because it provided insufficient notice to Sylvia Wilson—28 days rather than the 30 days required for a person who holds possession under an "interest that the grantor * * * created voluntarily." *Former* ORS 86.755(6)(b) (2011), *renumbered as* ORS 86.782(6)(b) (2013).[1] Plaintiff has not filed a brief on appeal. For the reasons that follow, we agree with defendants' contention regarding insufficient notice, and we reverse and remand the judgment.

We take the facts from the trial court's findings of fact, which defendants do not challenge on appeal. However, to give context to those historical facts, we begin with a brief overview of the statutory scheme governing nonjudicial foreclosure and its intersection with FED laws.

"When a person borrows money to purchase a home, in Oregon as elsewhere, the loan usually is memorialized in a promissory note * * * [and] the borrower and lender also enter into a separately-memorialized security agreement— a mortgage or, more commonly in Oregon, a trust deed." *Brandrup v. ReconTrust Co.*, 353 Or 668, 675, 303 P3d 301 (2013). The trust deed conveys a power of sale upon the trustee, ORS 86.710, and the Oregon Trust Deed Act sets forth the manner in which the trustee exercises that power, as well as the effect of the sale. *See generally* ORS 86.705 - 86.815. At the trustee's sale, the highest bidder obtains a trustee's deed that "convey[s] to the purchaser the interest in the property that the grantor had, or had the power to convey, at the time the grantor executed the trust deed, together with any interest the grantor or the grantor's

---

[1] Unless otherwise noted, references to *former* ORS 86.755 are to the 2011 version of the statute, which was operative at the time of the relevant events in this case.

successors in interest acquire after the execution of the trust deed." *Former* ORS 86.755(1) - (4).

The purchaser of property at a trustee's sale is entitled to possession of the property as set forth in *former* ORS 86.755(6). Under paragraph (6)(a) of that subsection, which is subject to exceptions set forth in later paragraphs, "the purchaser at the trustee's sale is entitled to possession of the property on the 10th day after the sale." That paragraph also provides that a person who "remains in possession after the 10th day under any interest, except an interest prior to the trust deed, or an interest the grantor or a successor of the grantor created voluntarily, is a tenant at sufferance." The purchaser can "obtain possession of the property from a tenant at sufferance by following the procedures set forth in ORS 105.105 to 105.168"—*i.e.,* through the FED process. *Former* ORS 86.755(6)(a).

Paragraph (6)(b) of *former* ORS 86.755, which is central to the dispute in this case, then sets forth an exception to the "tenant at sufferance" rule established by paragraph (6)(a). *Former* ORS 86.755(6)(b) provides:

"Except as provided in paragraph (c) of this subsection [concerning bona fide tenants], at any time after the trustee's sale the purchaser may follow [the FED process] to obtain possession of the property from a person that holds possession under an interest the grantor or a successor of the grantor created voluntarily if, not earlier than 30 days before the date first set for the sale, the person was served with not less than 30 days' written notice of the requirement to surrender or deliver possession of the property."

In other words, *former* ORS 86.755(6)(b) requires that, prior to commencing an FED action, the purchaser give 30 days' written notice to surrender the property to any person holding possession "under an interest the grantor or a successor of the grantor created voluntarily." *See also former* ORS 86.755(6)(e)(B) (a "purchaser may not commence a proceeding under ORS 105.105 to 105.168 that is authorized under this subsection before * * * [t]he date specified in a written notice of the requirement to surrender or deliver possession of the property if the notice is required by and is given to the person in accordance with paragraph (b) of this subsection").

Oregon's FED statutes include corresponding references to the foreclosure process under *former* ORS 86.755. Under the FED statutes, a person entitled to the premises can bring an action to recover the premises from an occupant who is holding the premises by force. ORS 105.115 sets forth "causes of unlawful holding by force," including, as relevant here, "[w]hen the person in possession of a premises remains in possession after the time when a purchaser of the premises is entitled to possession in accordance with the provisions of * * * [*former* ORS 86.755]."

With that background, we turn to the facts of this case. In 2006, Sylvester Wilson executed a promissory note for a home loan from plaintiff, and he granted plaintiff a deed of trust to the property as security for the loan. On April 9, 2010, Sylvester conveyed an interest in that same property to his daughter, Sylvia Wilson, recording a bargain and sale deed that listed both of them as tenants in common. At the time, Sylvia knew of the existence of the deed of trust on the property and "believed that her deed was subservient to the note and deed of trust on the property."

Sometime after his conveyance to Sylvia, Sylvester defaulted on his loan payments. Plaintiff notified defendants of its intent to foreclose on the property as a result of the default, but neither defendant took steps to oppose the impending trustee's sale. Plaintiff was the high bidder at the trustee's sale and obtained a trustee's deed for the property. Plaintiff then asserted its ownership of the property, providing defendants with a notice on May 2, 2012, that they were obligated to surrender possession of the premises. Plaintiff commenced this FED action 28 days later, on May 30, 2012, after defendants refused to do so.

At the subsequent FED trial, defendants argued, among other contentions, that plaintiff was not entitled to possession because it had commenced the action without providing Sylvia with sufficient notice to surrender possession. They argued that, because Sylvia held possession under an interest that had been "voluntarily created" by Sylvester, she fell within the scope of *former* ORS 86.755(6)(b) and was entitled to 30 days' notice.

The trial court rejected that argument, ruling that *former* ORS 86.755(6)(b) did not apply to Sylvia because she held legal title to the property. The court explained:

> "Subsequent to purchasing the Property at the foreclosure sale, [plaintiff] provided defendants with a ten day notice to quit. The ten day notice was proper and complied with all the statutory requirements. Both defendants were title owners of the property prior to the foreclosure sale. Ten days after foreclosure, they became tenants at sufferance by operation of law. No evidence was introduced at trial of a residential tenancy in favor of Sylvia Wilson or any other tenancy status which would have entitled Sylvia Wilson to more than ten day notice to quit."

The court then entered judgment awarding plaintiff possession of the premises.

Defendants now appeal the judgment, arguing that the trial court erred in construing "interest" in *former* ORS 86.755(6)(b) so narrowly. According to defendants, that statutory provision—including its 30-day notice requirement—is not limited to landlord-tenant relationships, as the trial court ruled; rather, it applies to *any* interest that has been voluntarily created by the grantor, including an interest as a tenant in common. Plaintiff, as noted above, has not filed a brief on appeal in defense of the trial court's judgment.

The question now before us is one of statutory construction that we must resolve by examining the text, context, and any helpful legislative history of *former* ORS 86.755. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (setting forth the methodology for construing statutes). The relevant text of *former* ORS 86.755(6)(b) requires that 30 days' notice to surrender possession be given "to obtain possession of the property from a person that holds possession under an interest the grantor or a successor of the grantor created voluntarily." The same phrasing appears in the related paragraph, *former* ORS 86.755(6)(a), which deems any person remaining in possession "under any interest, except an interest prior to the trust deed, or an interest the grantor or a successor of the grantor created voluntarily," to be a tenant at sufferance as of 10 days after the sale.

The substance of those two paragraphs, which have been amended over the years, were once part of a single subsection of the statute, then numbered as subsection (5). The reference to an "interest" that had been "created voluntarily" first appeared in *former* ORS 86.755 in 1989, enacted as part of Senate Bill (SB) 602 along with a number of changes to the Oregon Landlord and Tenant Act. Or Laws 1989, ch 506. The bill amended *former* ORS 86.755(5) (1987) as follows:

> "(5) The purchaser at the trustee's sale shall be entitled to possession of the property on the 10th day following the sale, and any persons remaining in possession after that day under any interest, except one prior to the trust deed **or created voluntarily by the grantor or a successor of the grantor**, shall be deemed to be tenants at sufferance. [*Such*] **All** persons **not holding under an interest prior to the trust deed** may be removed from possession by following the procedures set out in ORS 105.105 to 105.165 or other applicable judicial procedure, **provided that a person holding under an interest created voluntarily by the grantor or a successor of the grantor must first receive 30 days' written notice of the intent to remove that person served no earlier than 30 days before the date first set for the sale. Notices under this subsection shall be served by first class mail. 'First class mail' for purposes of this section does not include certified or registered mail, or any other form of mail which may delay or hinder actual delivery of mail to the addressee.**"

(Additions in boldface; deletions in brackets and italics.)

The history of SB 602 suggests that the 30-day notice period was intended to protect tenants after foreclosure. The bill as a whole was understood as a compromise between landlord and tenant interests, and the only mention of the provisions amending *former* ORS 86.755 (1987) were references to the effect on "tenants." *See, e.g.*, House Judiciary Committee Staff Measure Summary, SB 602, May 15, 1989 (stating that the measure would "[r]equire a tenant to receive 30 days written notice of 'intent to remove' the tenant after when the premises has been sold pursuant to a trust deed"); Exhibit C, Senate Business, Housekeeping, and Finance Committee, SB 602, Apr 10, 1989 (comments

on SB 602) (stating that the changes to *former* ORS 86.755 would amend "the procedure for removal of a tenant after a sale under a deed of trust").

Although the legislative history of SB 602 mentioned only tenants, the text of the statute that was ultimately enacted, as set out above, was not so limited in scope. *See State v. Dickerson*, 356 Or 822, 831, 345 P3d 447 (2015) (explaining that the "'legislature may and often does choose broader language that applies to a wider range of circumstances than the precise problem that triggered legislative attention'" (quoting *South Beach Marina, Inc. v. Dept. of Rev.*, 301 Or 524, 531, 724 P2d 788 (1986))). That is, the legislature could have referred to "tenants" or voluntarily created "tenancies," but it instead used the term "interest created voluntarily."

The word "interest" in this context is a legal term of art. *See Dickerson*, 356 Or at 829 (explaining that, when the legislature has not provided a statutory definition for a legal term of art, we consult legal dictionaries to aid in determining its meaning). When used in the context of property law, "interest" commonly encompasses both ownership and possessory interests, and typically includes interests beyond those established by a landlord-tenant relationship. *See Black's Law Dictionary* 884 (9th ed 2009) (defining "interest" as "[a] legal share in something; all or part of a legal or equitable claim to or right in property"); *id.* at 1284 (defining a "possessory interest" as "[t]he present right to control property, including the right to exclude others, by a person *who is not necessarily the owner*" (emphasis added)); *Restatement (First) of Property* § 5 (1936) ("The word 'interest' is used in this Restatement both generically to include varying aggregates of rights, privileges, powers and immunities and distributively to mean any one of them."); *id.* § 10 (defining "owner," for purposes of the *Restatement*, to mean "the person who has one or more interests"); *see also* ORS 93.020(1) (concerning the creation of interests in land and providing that "[n]o estate or interest in real property, other than a lease for term not exceeding one year, nor any trust or power concerning such property, can be created, transferred or declared otherwise than by operation of law or by

a conveyance or other instrument in writing, subscribed by the party creating, transferring or declaring it, or by the lawful agent of the party under written authority, and executed with such formalities as are required by law").

Nothing in the context of *former* ORS 86.755(5) (1989) suggests that the word "interest" was intended to have anything other than its broad legal meaning. Subsection (5), both before and after the amendments by SB 602, addressed the issue of holdover occupants—including those who held title to the property prior to the foreclosure—and it used the phrase "any interest" to capture the various occupants, foreclosed owners included, who would become tenants at sufferance 10 days after the foreclosure. The natural reading of the text enacted in 1989 is that the exceptions to that rule, for an interest "prior to the trust deed or created voluntarily by the grantor or a successor of the grantor," concerned a subset of the same kind of broadly defined property "interest." *See State v. Lykins*, 357 Or 145, 161, 348 P3d 231 (2015) ("Ordinarily, we assume that the use of the same term throughout a statute indicates that the term has the same meaning throughout that statute.").

In 2009, the legislature again amended *former* ORS 86.755(5) to strengthen the protections for tenants of foreclosed property. And, once again, the legislature used the term "interest" rather than the term "tenancy" in the relevant provision—a drafting choice that is particularly stark. The 2009 amendments broke *former* ORS 86.755(5) into multiple paragraphs. Or Laws 2009, ch 883, § 1. The 30-day notice period for a person holding possession under an "interest * * * created voluntarily" was essentially retained and became paragraph (b), and the bill added a new paragraph that dealt explicitly with residential landlord-tenant relationships. As amended in 2009, *former* ORS 86.755(5) provided:

"(a)   The purchaser at the trustee's sale is entitled to possession of the property on the 10th day after the sale. A person that remains in possession after the 10th day under any interest, *except an interest prior to the trust deed or an interest the grantor or a successor of the grantor created voluntarily* is a tenant at sufferance. The purchaser may obtain possession of the property from a tenant at

sufferance by following the procedures set forth in ORS 105.105 to 105.168 or other applicable judicial procedure.

"(b) Except as provided in paragraph (c) of this subsection, at any time after the trustee's sale the purchaser may follow the procedures set forth in ORS 105.105 to 105.168 or other applicable judicial procedure to obtain possession of the property from a person that *holds possession under an interest that the grantor or a successor of the grantor created voluntarily* if, not earlier than 30 days before the date first set for the sale, the person was served with not less than 30 days' written notice of the requirement to surrender or deliver possession of the property.

"(c) If the property purchased at the trustee's sale is a dwelling unit, as defined in ORS 90.100(9), *that the person holds under a tenancy that the grantor or a successor of the grantor created voluntarily* and in good faith, the purchaser may follow the procedures set forth in ORS 105.105 to 105.168 or other applicable judicial procedure to obtain possession if after the sale the purchaser terminates the tenancy in a written notice given to the person * * *."

(Emphasis added.)[2]

In other words, the legislature, within a single subsection, expressly referred in one paragraph to a person who "holds under *a tenancy* that the grantor or a successor of the grantor created voluntarily," and, in another paragraph, to a person who "holds *possession under an interest* that the grantor or a successor of the grantor created voluntarily." The use of those different terms, so closely juxtaposed, indicates to us that the legislature did not understand "interest" to be coextensive with "tenancy," or it would have used the same words in both paragraphs. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) (explaining that the use of different terms usually connotes different meanings).

In sum, we are not at liberty to rewrite the plain language of *former* ORS 86.755(6)(b) in a way that limits

---

[2] *Former* ORS 86.755 was amended again in 2011, which resulted in subsection (5) being renumbered as subsection (6), as it was at the time that this case was litigated below. Or Laws 2011, ch 42, § 10; Or Laws 2011, ch 510, §§ 2, 7; Or Laws 2011, ch 712, § 2. Those 2011 amendments do not otherwise bear on the issues before us.

an "interest that the grantor or a successor of the grantor created voluntarily" to tenancies. *See Dickerson*, 356 Or at 831 (declining to "include a limitation [on the definition of 'property of another'] that does not appear in [the statute's] plain text"); *Halperin v. Pitts*, 352 Or 482, 494-95, 287 P3d 1069 (2012) ("It is another thing entirely * * * to resort to legislative history as a justification for inserting wording in a statute that the legislature, by choice or oversight, did not include. Legislative history may be used to identify or resolve ambiguity in legislation, not to rewrite it."). Rather, our examination of the text, context, and history of *former* ORS 86.755(6)(b) persuades us that the phrase "an interest that the grantor * * * created voluntarily" encompasses any property interest—including an ownership interest—that a grantor voluntarily creates after granting the deed of trust.

We further conclude that the ownership interest that Sylvia held as a tenant in common, which was voluntarily created by the grantor (Sylvester), was such an "interest." *See* ORS 93.180(1) ("A conveyance or devise of real property, or an interest in real property, that is made to two or more persons: (a) Creates a tenancy in common unless the conveyance or devise clearly and expressly declares that the grantees or devisees take the real property with right of survivorship."); ORS 93.280 (1) ("Any person or persons owning real property which the person or persons have power to convey may convey such property by a conveyance naming the person or persons and another person or persons, or one or more of themselves and another person or other persons, as grantees. The conveyance shall have the same effect as a conveyance from a stranger who owned the property to the persons named as grantees.").[3]

The trial court therefore erred in concluding that Sylvia, as a title owner of the premises, was a tenant at sufferance under *former* ORS 86.755(6)(a) as a result of the

___

[3] Although we conclude that the circumstances of the conveyance from Sylvester to himself and Sylvia as tenants in common involves the voluntary "creation" of a property interest in Sylvia for purposes of *former* ORS 86.755(6)(b), we are not called upon to decide whether every conveyance of a property interest— for instance, a sale of property secured by a trust deed—would likewise involve the "creation" of a property interest for purposes of triggering the 30-day notice required under that statute.

foreclosure by plaintiff. Rather, because Sylvia held possession under an interest voluntarily created by the grantor, she came within an exception to that rule and instead was entitled to the 30 days' notice required by *former* ORS 86.755(6)(b). Accordingly, we reverse and remand the judgment.

Reversed and remanded.